## LOVE ET AL. *v.* GRIFFITH ET AL.

ERROR TO THE COURT OF CIVIL APPEALS, FIRST SUPREME JUDICIAL DISTRICT, OF THE STATE OF TEXAS.

No. 12. Argued October 6, 1924.—Decided October 20, 1924.

1. A party who plainly asserted a federal right in a state trial court and whose appeal from an adverse judgment was dismissed by a higher state tribunal upon the ground that the case, after judgment, had become moot, is entitled to the judgment of this Court on whether such dismissal in effect denied, or failed duly to recognize, the right asserted; and local rules as to the extent of review will not necessarily determine the decision here. P. 33.

2. Where plaintiffs, as qualified electors, unsuccessfully sought to enjoin, as violative of the Constitution, the enforcement of a rule made by a City Democratic Executive Committee that negroes should not be allowed to vote at a particular Democratic primary election, their bill praying no other relief, and, months later, their appeal to a higher state tribunal was dismissed upon the ground that, the election having been held, the cause of action had ceased to exist and that the appeal would not be entertained on the question of costs alone, *held,* that the dismissal did not violate their constitutional rights. P. 34.

236 S. W. 239, affirmed.

ERROR to a judgment of the Court of Civil Appeals of Texas which dismissed an appeal from a judgment dismissing a bill for an injunction.

*Mr. R. D. Evans* for plaintiffs in error.

No brief filed for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a bill in equity alleging that the plaintiffs are qualified electors residing in Houston, Texas, and of the Democratic political faith; that on January 27, 1921, the City Democratic Executive Committee of Houston made and published a rule that negroes would not be allowed to vote in the Democratic City Primary Election to be held on February 9, 1921; that the Committee and Judges of Election threatened to enforce the rule, contrary to the Constitution of the United States; and praying an injunction to restrain the Committee and Judges of Election from carrying out their threats. The bill was filed on February 3, 1921. On February 5, 1921, it was demurred to generally, the demurrer maintaining that the rule did not infringe the Fifteenth Amendment. On February 7, 1921, the demurrer was sustained and the bill was dismissed with costs. The plaintiffs appealed to the Court of Civil Appeals, but that Court held that at the date of its decision, months after the election, the cause of action had ceased to exist and that the appeal would not be entertained on the question of costs alone. It therefore dismissed the appeal with costs. Error is assigned here on the ground that the Fifteenth Amendment prohibits the discrimination which was made the basis of the complaint, and that the decision denied the plaintiffs their constitutional rights.

When as here there is a plain assertion of federal rights in the lower court, local rules as to how far it shall be reviewed on appeal do not necessarily prevail. *Davis* v. *Wechsler*, 263 U. S. 22, 24. Whether the right was denied or not given due recognition by the Court of Civil Appeals

is a question as to which the plaintiffs are entitled to invoke our judgment. *Ward* v. *Love County,* 253 U. S. 17, 22. If the case stood here as it stood before the court of first instance it would present a grave question of constitutional law and we should be astute to avoid hindrances in the way of taking it up. But that is not the situation. The rule promulgated by the Democratic Executive Committee was for a single election only that had taken place long before the decision of the Appellate Court. No constitutional rights of the plaintiffs in error were infringed by holding that the cause of action had ceased to exist. The bill was for an injunction that could not be granted at that time. There was no constitutional obligation to extend the remedy beyond what was prayed.

*Decree affirmed.*