**Robert STEWART, State Banking Commissioner et al., Petitioners,**

v.

**The BANK OF WOODSON, Respondent.**

**No. C–1400.**

Supreme Court of Texas.

Oct. 27, 1982.

Rehearing Denied Dec. 1, 1982.

Mark White, Atty. Gen., Thomas M. Pollan, Asst. Atty. Gen., Fulbright & Jaworski, Austin, Jeffrey D. Talmadge, Houston, for petitioners.

Kammerman, Yeakel & Overstreet, Adrian M. Overstreet, Jr., Austin, for intervenor.

George & George, Thomas W. George, Austin, Kevin Thomas O'Hanlon, Feeney, O'Hanlon & Moore, Patrick J. Feeney, Austin, for respondent.

PER CURIAM.

This suit was filed in Travis County by the Bank of Woodson (Bank) against the State Banking Commissioner (Commissioner) and the Federal Deposit Insurance Corporation (FDIC) to enjoin the Commissioner from liquidating the Bank's assets or transferring them to the FDIC for liquidation after the Commissioner closed the Bank. The Bank alleged that immediate liquidation would cause it irreparable injury by destroying its business and depriving it of its constitutional and statutory rights to prior notice and hearing. The district court dismissed the suit for want of jurisdiction because the Bank failed to bring suit in the county of its domicile as required by Art. 342–805, Tex.Rev.Civ.Stat.Ann. The court of appeals affirmed the dismissal of the Bank's statutory claim, but reversed and remanded the Bank's constitutional claim. 632 S.W.2d 950. We dismiss the cause as moot.

The Travis County district court correctly held it had no power to grant the injunctive relief sought by the Bank in this cause. The Legislature has mandated that such relief is available only through the statutory procedure set forth in the Banking Code. Art. 342–802, Tex.Rev.Civ.Stat.Ann. Since that procedure is exclusive, the only court authorized to grant the relief sought by the Bank was the district court sitting in Throckmorton County, the Bank's domicile. Article 342–805, Tex.Rev.Civ.Stat.Ann. The Bank's failure to file its claim in that court within five days of closing, however, foreclosed the possibility of obtaining any relief to which the Bank might have been entitled under the statute.

Absent the statutory claim, the bare question before the Travis County district court is whether the procedures required by Articles 342–803 and 342–805 are constitutional. Any judgment rendered on this claim by the Travis County district court can have no legal effect on the liquidation proceedings in the district court of Throckmorton County. A case is moot if it cannot proceed to a final judgment that will be effective as to any right which the Court might determine. *McNeil v. Hubert,* 119 Tex. 18, 23 S.W.2d 331, 333 (1930); *Love v. Griffith,* 236 S.W. 239, 240 (Tex.Civ.App.—Galveston 1921, writ dism'd) *aff'd* 266 U.S. 32, 45 S.Ct. 12, 69 L.Ed. 157 (1924).

The cause is dismissed as moot, and the judgments of the lower courts are set aside.