Rex HUSTON, Appellant,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION et al., Appellees.

No. 11–83–190–CV.

Court of Appeals of Texas, Eastland.

Dec. 22, 1983.

Rehearings Denied Jan. 18, 1984.

128

James J. Lee, Jeff Joyce and David A. Dean, Winstead, McGuire, Sechrest & Minick, Dallas, for appellant.

Frank L. Jennings & David Knight, Jennings, Dies & Turner, Graham, William G. Thompson, Thompson & Cook, Breckenridge, Deborah J. Loomis, Asst. Atty. Gen., Austin, David B. Lobingier, Bankston & Lobingier, Fort Worth, for appellees.

RALEIGH BROWN, Justice.

Rex Huston brought suit, individually and as a director of the Bank of Woodson, in the district court of Throckmorton County. Huston asserted the following causes of action: (1) declaratory judgment declaring the Bank of Woodson was not insolvent and was not in danger of insolvency; (2) writ of mandamus directing Bank Commissioner Robert E. Stewart to reopen the Bank of Woodson; (3) temporary restraining order, temporary injunction and permanent injunction against the FDIC to prevent it from issuing deposit insurance to the First State Bank of Woodson, formerly Woodson State Bank, and to prevent the FDIC from aiding the First State Bank of Woodson from commencing banking operations; (4) temporary restraining order, temporary injunction and permanent injunction against First State Bank to prevent the commencement of banking operations; (5) damages against Stewart for wrongful closing of the Bank of Woodson and for involvement in "the fraudulent plan, scheme and/or conspiracy" with the FDIC; (6) damages against Jim Hurst, special agent for the bank commissioner, for breach of fiduciary duty, for possession of bank records for personal gain and for fraudulent, corrupt and malicious actions of Hurst in revealing confidential information to the First State Bank; (7) damages against the FDIC for involvement in "the fraudulent plan, scheme and/or conspiracy" with Stewart; (8) writ of mandamus directing the Federal Deposit Insurance Corporation to allow Huston access to the Bank of Woodson's corporate books and records; (9) bill of discovery to permit Huston access to corporate books and records of the Bank of Woodson. The defendants filed pleas to the jurisdiction. The district court dismissed all causes of action for want of jurisdiction. We affirm in part, and we reverse, reinstate and remand in part.

On March 1, 1982, Bank Commissioner Stewart ordered the Bank of Woodson, located in Throckmorton County, closed. At that time, Huston owned 100 shares of Bank of Woodson stock and was a member of its board of directors. The Board of Directors of the Bank of Woodson challenged the closing pursuant to TEX.REV. CIV.STAT.ANN. art. 342–805 (Vernon 1973). Suit was filed within the five day time limit in Travis County. The Travis County district court dismissed for want of jurisdiction because the district court in Throckmorton County had exclusive jurisdiction. See *Stewart v. Bank of Woodson,* 641 S.W.2d 230 (Tex.1982).

Following the closing of the Bank of Woodson, a new bank named Woodson

State Bank was organized in Throckmorton County. Woodson State Bank later changed its name to First State Bank of Woodson.

On May 2, 1983, Huston filed this suit in the Throckmorton County District Court. At the hearing on the pleas to the jurisdiction on May 25, 1983, First State Bank tendered into evidence the State Banking Board's order approving the Woodson State Bank Charter, Articles of Association for Woodson State Bank, Acceptance of Directors, Certificate of Certified Surplus, Amendments to the Articles of Association changing the name of the bank from Woodson State Bank to First State Bank of Woodson, and minutes of the first board meeting. This was the only evidence admitted at the hearing.

In reviewing an order dismissing for want of jurisdiction, the appellate court will construe the pleadings in favor of the pleader and look to the pleader's intent. *Paradissis v. Royal Indemnity Company,* 496 S.W.2d 146 (Tex.Civ.App.—Houston [14th Dist.] 1973), aff'd, 507 S.W.2d 526 (Tex.1974). In addition the court stated:

> Only such matters which were presented before the trial court will be reviewed upon this appeal from the order sustaining the defendant's plea to the jurisdiction and dismissing the cause.

The trial court must apply the following standard:

> Jurisdiction, at a hearing on a plea to the jurisdiction, is properly determined solely by the allegation in plaintiff's pleading and these allegations are taken as true. *International Bank of Commerce of Laredo v. City of Laredo,* 608 S.W.2d 267, at 270 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.). See also *Hachar v. County of Webb,* 563 S.W.2d

693 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.); *Brannon v. Pacific Employers Insurance Company,* 148 Tex. 289, 224 S.W.2d 466 (1949).

Huston urges thirteen points of error. His first point contends that the court erred in receiving evidence at the hearing challenging jurisdiction. First State Bank's evidence merely established that the Woodson State Bank had changed its name to First State Bank of Woodson and that the First State Bank was authorized to commence banking operations in Texas. These facts are not clear from Huston's petition. Any error in admitting this evidence is harmless. See TEX.R.CIV.P. 434. Huston's first point of error is overruled.

Huston contends in three points of error that the district court had jurisdiction to hear his writ of mandamus to compel Stewart to reopen the Bank of Woodson and his plea for declaratory judgment under TEX. REV.CIV.STAT.ANN. art. 342–807 (Vernon 1973). We disagree.

Article 342–807 states in part:

> No state bank which has been closed under the provisions of Article 3 of this Chapter [Art. 342–803] shall be reopened unless the contest provided for under Article 5 of this chapter [Art. 342–805] is finally determined adversely to the Commissioner, or unless the Commissioner, acting under order of the district court, shall authorize such reopening by a certificate under the seal of his office.

Recovery under the first clause of Art. 342–807 is precluded because Huston failed to challenge the closing of the Bank of Woodson within five days by filing suit in the district court of Throckmorton County as required under Art. 342–805 [1]. Instead the challenge to the closing was filed in Travis

---

[1] At any time within five (5) days after the Commissioner has closed any state bank under the provisions of Article 3 of this chapter [Art. 342–803], such bank, acting through its directors, may sue in the district court of the bank's domicile to enjoin the Commissioner from liquidating such bank, and the court, or the judge thereof if in vacation, may, without notice or hearing, restrain the Commissioner

from liquidating the assets of such bank pending hearing on the merits, and shall, in that event instruct the Commissioner to hold the assets of such bank in his possession pending final disposition of such suit.

It should be noted the time period for filing suit has been changed to two days. Banking Code, ch. 532, sec. 9, 1983 TEX.SESS.LAW SERV. 3109 (Vernon).

County. The Supreme Court, in *Stewart v. Bank of Woodson,* supra, affirming the dismissal for want of jurisdiction, stated:

> Since that procedure is exclusive, the only court authorized to grant the relief sought by the Bank was the district court sitting in Throckmorton County, the Bank's domicile. Article 342–805, TEX. REV.CIV.STAT.ANN. The Bank's failure to file its claim in that court within five days of closing, however, foreclosed the possibility of obtaining any relief to which the Bank might have been entitled under the statute.

Huston now contends that the second clause of 342–807, by which the commissioner may authorize the reopening of a bank under court order, grants the Throckmorton District Court jurisdiction to hear his claims. We disagree.

■ While jurisdiction is determined by looking to the pleadings, jurisdiction is not created by pleadings but by the duty and power of the court to act as conferred by the Texas Constitution and statutory enactments. *Thomas v. Whaley,* 561 S.W.2d 526 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.). The Banking Code "provides a complete system of laws governing the organization, operation, supervision, and liquidation of state banks." TEX.REV.CIV.STAT. ANN. art. 342–101 (Vernon 1973).

■ The second clause in Article 342–807 creates a method for reopening a bank available only to the commissioner. The method for reopening available to the closed bank and its directors is found in the first clause of Art. 342–807, which is compliance with Art. 342–805. Any other construction of Art. 342–807 would make Art. 342–805 meaningless in that bank directors would not be required to comply with the time period in Art. 342–805. The trial court's dismissal of the declaratory judgment and writ of mandamus actions is affirmed. The points of error as they address the dismissal of the declaratory judgment

action and the writ of mandamus action as to Stewart are overruled.

■ The trial court concluded that Art. 342–805 was the exclusive method by which the board of a closed bank could challenge the closing, that Art. 342–807 is clear and unambiguous and that Art. 342–807 does not create an additional cause of action for the board of directors to reopen a closed bank. These conclusions of law do not address the "merits" of Huston's causes of action but instead deal properly with the "jurisdictional" requirements in the Banking Code. Huston's point of error challenging such conclusions of law is overruled.

■ Huston admits that the FDIC has issued deposit insurance to the First State Bank and First State Bank has commenced banking operations. Therefore, Huston's actions for temporary restraining order, temporary injunction and permanent injunction are moot. Points of error concerning the injunctive relief sought are overruled.

■ In ruling on a plea to the jurisdiction, as stated above, the trial court does not rule on the merits of the case but accepts the allegations of the pleadings as true. *International Bank of Commerce of Laredo v. City of Laredo,* 608 S.W.2d 267. Huston has raised allegations of damages for wrongful activities by Stewart and Hurst. From the pleadings before us, the trial court has jurisdiction to consider Huston's damage claims alleged against Stewart and Hurst. Huston's points of error challenging the dismissal of such causes of action are sustained.

■ Huston asserts the trial court erred in dismissing his claim for money damages against the FDIC. He argues he is suing the FDIC in its receivership capacity; therefore, jurisdiction is in the state district court under 12 U.S.C. sec. 1819 (1980) [2], the

---

**2.** 12 U.S.C. sec. 1819 states in part:

(A)ny such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obliga-

tions of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States...

"sue and be sued" provision for the FDIC. We disagree.

Section 1819 does not apply to claims for money damages against the FDIC. *Gregory v. Mitchell,* 634 F.2d 199 (5th Cir.1981). The points of error that pertain to the claim for damages against the FDIC are overruled.

■ Huston argues that the trial court had jurisdiction to issue a writ of mandamus to direct the FDIC to allow Huston access to the corporate books and records of the Bank of Woodson. The disclosure of information held by the FDIC as the receiver of a closed bank is regulated under 12 C.F.R. sec. 309, et seq. (1980). Federal district courts have exclusive jurisdiction to mandamus a federal agency. 28 U.S.C. sec. 1361 (1976); 138 A.L.R. 1200 (1942). This point of error is overruled.

■ Under TEX.R.CIV.P. 737, a trial court may grant a bill of discovery ancillary to a main suit. Since the trial court has properly dismissed the causes of action against the FDIC for want of jurisdiction, a bill of discovery against the FDIC is no longer maintainable. This point of error is overruled.

We have considered and overruled all points of error except Huston's causes of action for damages against Stewart and Hurst. The judgment of the trial court is affirmed in all parts except wherein Huston's causes of action for damages against Stewart and Hurst are dismissed. The judgment as to that portion is reversed, the causes are reinstated and remanded.