**FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant,**

**v.**

**Rex M. HUSTON, Trustee, Appellee.**

**No. 11–87–230–CV.**

Court of Appeals of Texas, Eastland.

Sept. 22, 1988.

Rehearing Denied Oct. 20, 1988.

T. Ray Guy, Truman Spring, Jenkens & Gilchrist, Donald B. McKinley, FDIC, Dallas, for appellant.

Jeff Joyce, David A. Given, Charles J. McGuire, Winstead, McGuire, Sechrest & Minick, Dallas, for appellee.

OPINION

DICKENSON, Justice.

The principal issues in this appeal are: (1) whether the Federal Deposit Insurance Corporation [as Receiver for the Bank of

Woodson] has standing to prosecute an appeal from the trial court's order terminating the receivership of an insolvent bank; and (2) whether the owners[1] of claims against the insolvent bank are entitled to recover interest as well as principal before any surplus is distributed to the shareholders[2] of the insolvent bank. We answer both questions in the affirmative.

The Bank of Woodson[3] was closed by the Texas Department of Banking on March 1, 1982. The Federal Deposit Insurance Corporation accepted appointment as receiver of the insolvent bank on March 11, 1982. The Inventory of Assets which was filed by FDIC on March 12, 1982, shows total assets of $3,168,192.75 and liabilities which exceeded the asset value by the sum of $301,896.79. The present surplus was created by the recovery of $672,864.00 from the bonding company which insured the bank against losses from the dishonest and fraudulent acts by two of the bank's former officers. [This recovery is due in large part to Huston's opposition to FDIC attempts to settle the bonding company claim for $236,500.00. If the claim had been settled pursuant to the FDIC requests, there would have been no surplus for distribution, neither to the claimants for their lost interest nor to the shareholders for partial recoupment of their loss.]

After the FDIC receivership had been pending for more than five years, the trial court entered an order on July 21, 1987, which reads in part as shown:

(1) IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that the final accounting and final report of the Receiver of The Bank of Woodson, Woodson, Texas (filed herein on September 29, 1986, as augmented as of May 4, 1987), be, and the same hereby is, approved, subject to the following exceptions and/or adjustments;

(A) The expenses claimed by the FDIC shall be paid only through December 31, 1986 in an amount of $37,-495.80 as a full and final payment by the Receivership estate with the balance of said claimed expenses being disallowed and denied.

(B) The fees and expenses aggregating $11,195.38 shall be paid by the Receivership estate as a full and final payment to the firm of "Bankston and Lobingier", and that if these fees and expenses have already been paid by the FDIC, FDIC shall be reimbursed in like amount by the Receivership estate.

(2) It is further ORDERED, ADJUDGED and DECREED that on or before the thirtieth (30th) day after date of entry of this Order, the FDIC, Receiver, shall deliver possession of all remaining assets of the Bank of Woodson, Woodson, Texas to Rex M. Huston, as Trustee for all stockholders of The Bank of Woodson, Woodson, Texas, accompanied by any and all records that FDIC, Receiver, has pertaining to remaining assets in order to allow Rex M. Huston, as Trustee, to maximize recoveries for said shareholders. The FDIC, Receiver, shall execute such assignments, transfers, conveyances and/or endorsements as may be required to accomplish the transfer of the remaining assets of The Bank of Woodson, Woodson, Texas, to Rex M. Huston, Trustee. The Trustee shall post the $25,000 bond payable to the Court as described above and shall be entitled to reimbursement for his efforts and time on a reasonable basis, the said Trustee being allowed to apply to the Court for such reimbursement on a periodic basis. As soon after the transfer of the above

1. The Federal Deposit Insurance Corporation, in its corporate capacity as distinguished from its capacity as Receiver, owns by assignment 99.4% of the claims against the insolvent bank.

2. Rex M. Huston owns 93% of the common stock of the insolvent bank, and the trial court's order directs the FDIC to turn over all of the remaining assets to him as trustee for the shareholders.

3. See Bank of *Woodson v. Stewart,* 632 S.W.2d 950 (Tex.App.—Austin), *vacated and dismissed as moot,* 641 S.W.2d 230 (Tex.1982), for a discussion of the litigation related to the closing of this bank. See also *Huston v. Federal Deposit Insurance Corporation,* 663 S.W.2d 126 (Tex. App.—Eastland 1983, writ ref'd n.r.e.), for a discussion of prior litigation between the parties to the present lawsuit.

assets to the Trustee as is reasonably practicable, the Trustee may apply to the Court for permission to distribute a portion of the assets held by the Trustee to the stockholders on a pro rata basis according to the percentage of the total outstanding shares of stock of The Bank of Woodson, Woodson, Texas, that each such stockholder owns as of the date of such payment. The remaining cash deposits and/or cash assets shall be placed in an interest bearing account for the payment of reasonable fees and expenses of the trust and/or further distribution to stockholders at a later date. The Trustee shall administer and liquidate the remaining assets of The Bank of Woodson for the benefit of all such stockholders under the continuing supervision of this Court, and any proceeds of any such cash or non-cash assets received by the FDIC after May 4, 1987, shall be delivered to such Trustee.

For purposes hereof, the shareholders of The Bank of Woodson as of March 1, 1982, are reflected in the Receiver's opening Inventory on file herein, as said ownership may have changed or may continue to change until all assets of The Bank of Woodson are distributed by the Trustee, Rex M. Huston. At the date of all distributions by the Trustee, it shall be the Trustee's duty and obligation to determine the then current shareholders in order to make the pro rata distributions. A copy of the Receiver's shareholders list as of March 1, 1982 is attached hereto.

With respect to the shareholders list attached hereto, the Court orders (a) all pro rata payments on the shares owned by Barbara L. Robinson shall be made to the FDIC, in its corporate capacity, as owner of all salvage rights connected with the bond claim that is owned by the FDIC, and (b) the shares owned by The Bank of Woodson itself shall be deemed treasury shares and deemed not to be outstanding for purposes of calculating and making said pro rata distributions.

(3) It is further ORDERED, ADJUDGED and DECREED that this Order shall operate to judicially transfer title in and to all such assets (described in Paragraph (2) hereof) to Rex M. Huston, Trustee for the stockholders of The Bank of Woodson, Woodson, Texas, effective immediately upon entry of this Order.

(4) It is further ORDERED, ADJUDGED and DECREED that upon the performance of all requirements of this Order by the FDIC, Receiver, the corporate charter of The Bank of Woodson, Woodson, Texas, shall be forfeited and canceled, and the FDIC, Receiver, shall be released and discharged from any further duty, obligation or liability in connection with the administration of this Receivership proceeding and that hereafter no person or entity shall have or maintain any claim, suit or action against the Receivership, the Federal Deposit Insurance Corporation or any of its past or present representatives relating to the administration of the Receivership proceedings.

The Federal Deposit Insurance Corporation, Receiver for the Bank of Woodson, appeals. We reverse and remand.

■ Huston's motion to dismiss the appeal for want of jurisdiction pursuant to TEX.R.APP.P. 72 is overruled. FDIC was appointed receiver by the Texas Banking Commissioner pursuant to TEX.REV.CIV. STAT.ANN. art. 489b (Vernon 1973) and TEX.REV.CIV.STAT.ANN. art. 342–801 (Vernon 1973 & Supp.1988). The trial court's power to discharge the receiver and appoint a trustee is limited by the provisions of TEX.REV.CIV.STAT.ANN. art. 342–815 (Vernon 1973), and we hold that the receiver has a justiciable interest in appealing an order in the trial court which does not comply with Article 342–815.

■ FDIC, in its capacity as receiver, has briefed two points of error, arguing: (1) the district court erred when it concluded that the shareholders had priority in the remaining receivership assets over the outstanding interest claims of the estate's creditors; and (2) the district court erred by not allowing the FDIC as receiver full recovery of its expenses of administration and legal fees.

We sustain the first point of error, following the rule which is stated in 10 AM. JUR.2d *Banks* sec. 777 (1963):

If, however, the assets of the insolvent bank do in fact turn out to be sufficient to meet all demands and leave a surplus over, interest on all claims will, in the absence of a statutory prohibition, be allowed out of the surplus to the creditors for the period during which the insolvent bank has been in the hands of the receiver.... The Federal Deposit Insurance Corporation, as assignee of the claims of depositors whom it has paid, has been held to be entitled to the benefit of this rule.

See also *Stein v. Delano,* 121 F.2d 975, 978 (3rd Cir.1941), *cert. denied,* 314 U.S. 655, 62 S.Ct. 106, 86 L.Ed. 525 (1941); 3 MICHIE, BANKS AND BANKING sec. 220; 9 ZOLLMAN, THE LAW OF BANKS AND BANKING sec. 6482.

■ Finally, we note that TEX.REV. CIV.STAT.ANN. art. 342–812 (Vernon Supp.1988) and Article 342–815, supra, make it abundantly clear that the expense of liquidation and the receiver's final report are subject to approval by the district court. The district court must be deemed to have the power to make such corrections or revisions to that report which are needed for proper administration of the affairs of the insolvent bank. The district court is free to deny approval to any legal fees and receivership expenses which are not reasonable or which were not necessary for proper administration of the receivership. There is evidence to support the trial court's judgment that some of the fees and expenses were due to the receiver's mishandling of the claim on the bond. FDIC attempted to settle that claim for a much lower figure than was ultimately recovered, and the surplus in the receivership assets is due to Huston's opposition to the proposed settlement and to the trial court's appointment of a special prosecutor. The second point of error is overruled.

The judgment of the trial court is reversed, and the cause is remanded.