GANDY3 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-338-CV





 STATE OF TEXAS, CITY OF AUSTIN, TEXAS AND 


TRANSIT AUTHORITY OF AUSTIN, TEXAS,



 APPELLANTS


vs.





JOHN GANDY,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT



NO. 445,361, HONORABLE BYRON McCLELLAN, JUDGE PRESIDING



 




 The State of Texas, the City of Austin, and the Transit Authority of Austin appeal
from a trial-court order dismissing their lawsuit against the defendant, John Gandy, for collection
of taxes. We will reverse the trial-court order and remand the cause to that court for further
proceedings.



THE CONTROVERSY


 This is a sales tax case arising under Tex. Tax Code Ann. § 151.051 (West 1992). 
The State Comptroller of Public Accounts ("Comptroller") made a sales tax liability determination
against Charco Loam, Inc. ("Charco Loam") and forwarded it to the State Attorney General
("State") for collection. The State brought suit against Charco Loam and the trial court granted
a summary judgment in favor of the State in the amount of $43,348.72.

 At all relevant times, John Gandy ("Gandy") served as the president of Charco
Loam. The State subsequently brought the present lawsuit against "Gandy, formerly doing
business as Charco Loam," arguing that Gandy was actually the alter ego of the corporation. The
State alleged jurisdiction and venue under Tex. Tax Code Ann. §§ 111.010 and 151.602 (West
1992). In response, Gandy filed a plea in abatement, a motion to show authority, special
exceptions, and a motion for summary judgment. Gandy contended that because the State pled
jurisdiction under the Tax Code, he must be afforded all the administrative procedures under the
Tax Code before the State could bring a suit in district court.

 After hearing argument, the trial court granted Gandy's plea in abatement and
ordered the State to replead the action. The State repled, continuing to allege venue and
jurisdiction solely under the Tax Code. In its amended petition, the State brought additional
claims for recovery on both common law and statutory grounds. The common law allegations
included fraud, breach of fiduciary duties, breach of the trust-fund doctrine, denuding corporate
assets, and conversion. The statutory cause of action was the failure to remit tax monies collected
under section 111.016, the trust provision of the Tax Code. Regarding the State's amended
petition, Gandy contended that as long as the state claimed jurisdiction only under the Tax Code,
the State could not maintain the common law causes of action in district court. (1) Additionally,
Gandy maintained that administrative notice and formal tax procedures must precede any tax
liability imposed on him personally under section 111.016. The trial court then dismissed the
action, specifically finding the following in the final order:



[B]ecause the Comptroller did not assess the delinquent sales taxes against Gandy,
nor afford Gandy any administrative remedies provided by the Texas Tax Code to
contest the basis of his personal liability, Plaintiffs, acting through the Attorney
General of Texas, may not seek to hold him personally liable under any theory for
the sales tax judgment debt of Charco Loam, Inc. and, consequently, have pled no
causes of action within the jurisdiction of this Court.



 Since the State in its amended petition specifically pled section 111.010 of the Tax
Code as its only jurisdictional ground, the question presented on this appeal is whether any of the
causes of action the State pled invoked the subject matter jurisdiction of the district court. 
Because we conclude that the State's amended petition alleged a valid cause of action under the
Tax Code, we hold that the trial court erred in dismissing the cause. Therefore, without
addressing the merits of the lawsuit, we will reverse the judgment and remand the cause to the
trial court.

 


DISCUSSION AND HOLDING


 In reviewing a trial court's order of dismissal for want of jurisdiction, the appellate
court construes the pleadings in favor of the pleader while considering the pleader's intent. 
Huston v. Federal Deposit Ins. Corp., 663 S.W.2d 126, 129 (Tex. App.--Eastland 1983, writ ref'd
n.r.e.); Paradissis v. Royal Indem. Co., 496 S.W.2d 146, 148 (Tex. Civ. App.--Houston [14th
Dist.] 1973), aff'd, 507 S.W.2d 526 (Tex. 1974). Further, only matters brought before the trial
court are examined on appeal. Huston, 663 S.W.2d at 129.

 In three points of error, the State contends that the trial court had subject matter
jurisdiction to hear its lawsuit against Gandy for collection of taxes owed by Charco Loam. The
State argues that a determination by the Comptroller against Gandy in his individual capacity,
administrative notice of such determination, and opportunity for an administrative hearing, are
not necessary prerequisites for a collection suit by the Attorney General. We agree.

 The State's first amended original petition maintains a suit for the collection of
taxes, asserting jurisdiction under section 111.010 of the Tax Code, which states:



(a) The attorney general shall bring suit in the name of the state to recover
delinquent state taxes, tax penalties, and interest owed to the state.


 . . . .


(c) Venue for and jurisdiction of a suit arising under this section is conferred
upon the district courts of Travis County.



In its order of dismissal, the trial court states that the Comptroller's failure to assess delinquent
sales taxes against Gandy, individually, and to provide Gandy with administrative remedies to
contest his personal liability deprives the court of subject matter jurisdiction. We disagree.

 The State's amended petition alleged new causes of action against Gandy including
a statutory violation of section 111.016, the trust fund provision of the Tax Code. Section
111.016 provides:



Any person who receives or collects a tax or any money represented to be a tax
from another person holds the amount so collected in trust for the benefit of the
state and is liable to the state for the full amount collected plus any accrued
penalties and interest on the amount collected.



 Therefore, even though the State's amended pleading alleged jurisdictional grounds
only under the Tax Code, the amended petition on its face alleges a statutory claim against Gandy
under section 111.016 of the Tax Code. Because the State clearly alleged a claim against Gandy
under the Tax Code, the trial court's dismissal for want of subject matter jurisdiction was error.

 Without addressing the merits of this cause, we sustain the State's points of error,
reverse the trial court's order of dismissal, and remand the cause to that court for proceedings not
inconsistent with this opinion.



 

 Mack Kidd, Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Reversed and Remanded

Filed: October 14, 1992

[Do Not Publish]

1.   Gandy contended on oral argument that the State improperly brought its common
law causes of action in Travis County because venue in Travis County, as applied to this
defendant, is proper only for lawsuits brought exclusively under the Tax Code.