cv4-340.ratcliff 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00340-CV







Elijah W. Ratcliff, Appellants



v.



Robert G. Johnstone, R. D. Cooper, Karen Johnson, State of Texas,

State Bar of Texas, and Texas Employment Commission, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 92-13523, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







PER CURIAM



 Elijah W. Ratcliff appeals the dismissal of his actions against the State of Texas,
the Texas Employment Commission, the State Bar of Texas, three individual employees of those
organizations, and the State of Texas. He sued Robert G. Johnstone, R. D. Cooper, the TEC,
and the State of Texas ("the TEC appellees"), seeking to set aside employment taxes assessed
against Dunbar Resources-Livingston, Inc. He added the Bar and Bar's executive director, Karen
Johnson, as defendants ("the Bar appellees"), complaining of the Bar's refusal to reinstate him
following his pardon from the conviction that led to his disbarment. 

 The court dismissed the actions against the TEC appellees after sustaining their
special exception and striking the pleadings against them. The court dismissed the action against
the Bar appellees after sustaining their plea to the jurisdiction and noting that Ratcliff had not met
their special exceptions as ordered. We will affirm the judgment.



The TEC appellees


 Ratcliff's failure to designate a sufficient record waives any substantive appellate
review of the dismissal of the case against the TEC appellees. The rules charge the appellant to
"see that a sufficient record is presented to show error requiring reversal." Tex. R. App. P.
50(d). We must presume that any missing portions of the record support the judgment. See
Simon v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987). Ratcliff did not
designate for inclusion in the record the TEC appellees' special exception on which the court
relied to dismiss the case. No document in the record on appeal reveals the nature of that
exception, which was the sole stated basis for dismissing the TEC appellees. None of Ratcliff's
points presents error that dissuades us from holding that the exception's absence from the record
requires us to presume that it supports the striking of the pleading and the dismissal of the TEC
appellees. We overrule the points of error as they relate to the dismissal of the TEC appellees.


The Bar appellees
 

 To review the dismissal of the Bar appellees for want of jurisdiction, we must
liberally construe Ratcliff's petition in his favor, accept his factual allegations, indulge all
reasonable inferences favoring him, and look to his intent. See Texas Ass'n of Business v. Texas
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993) (quoting Huston v. Federal Deposit Ins.
Corp., 663 S.W.2d 126, 129 (Tex. App.--Eastland 1983, writ ref'd n.r.e.). The following
recitation is culled from Ratcliff's third amended original petition.


The allegations

 Ratcliff is a fiduciary of and substantial interest holder in Dunbar Resources-Livingston, Inc. Ratcliff disputed a TEC statement of employer account which indicated that
Dunbar Resources owed employment taxes; Dunbar Resources had employed no one during the
period the taxes purportedly accrued.

 Ratcliff earned his bar license in 1962. In 1971, he was accused of theft by check
when he stopped payment on a check used to pay for a truck that proved to be defective. Ratcliff
was indicted by a Polk County jury and convicted by a Montgomery County petit jury, neither
of which had sufficient numbers of African-American members in proportion to the percentage
of African-American citizens among the population of the counties. He was disbarred in 1974.

 Ratcliff sought reinstatement to the Bar after he learned of his disbarment in 1977. 
That year, the Bar rejected his tender of dues because of his conviction and disbarment. His
subsequent requests for reinstatement failed even though the governor pardoned him in 1983.

 He claims the Bar injured him by talking to others about his disbarment. 
Representations attributable to the Bar regarding his legal status were "exhaustively disseminated"
to sources accessible to and affecting his "prospective legal clients, business investors, academic
associates and other economic facilities," representations he alleged were incomplete. He alleged
that elements of the Bar influenced Internal Revenue Service agents to violate his civil rights from
1980 to the present.

Discussion

 Ratcliff raises six points of error against the dismissal. By points one through three
and point five, he asserts that he properly invoked the jurisdiction of the trial court; he contends
that the dismissals were therefore contrary to established law. He contends by point four that
certain requests for admissions were deemed admitted and, by point six, that those admissions
should have caused the court to grant his motion for summary judgment.

 The Bar appellees' successful plea to the jurisdiction was premised upon immunity
from suit. State agencies are immune from suit unless the legislature waives that immunity. 
Liberty Mut. Ins. Co. v. Sharp, 874 S.W.2d 736, 738 (Tex. App.--Austin 1994, writ denied). The
Bar is a state agency. Tex. Gov't Code Ann. § 81.011 (West 1988). Ratcliff has shown no
applicable waiver of immunity that would expose the Bar to his suit. The Bar's executive director
is absolutely immune from suit for any conduct in the course of her official duties. Tex. R.
Disciplinary P. 15.11 (West Supp. 1995). Ratcliff's petition alleges no action taken specifically
by Johnson. He did not allege that she acted outside the scope of her official duties.

 When a suit is barred by governmental immunity, a plea to the jurisdiction is
proper. Liberty, 874 S.W.2d at 739. The same is true for claims against individuals performing
within their official governmental authority. See id. at 738-39. Because governmental immunity
barred the claims below, the court properly sustained the plea to the jurisdiction. We overrule
points one, two, three, and five.

 The court did not err in denying Ratcliff's motion for summary judgment. The trial
court's striking of Ratcliff's pleadings and dismissal of the claims against the TEC defendants left
no claims on which Ratcliff could base a successful summary judgment motion. The court's lack
of jurisdiction disabled it from ruling on the summary judgment against the Bar defendants. We
overrule point six.

 After overruling the other five points, we need not consider point four. Whether
the court erred with respect to deemed admissions is moot because such admissions are
meaningless without supportable jurisdiction or pleadings.



Conclusion


 We hold that the trial court properly dismissed the claims against the TEC
defendants and properly found it lacked jurisdiction over the claims against the Bar defendants. 
Ratcliff raised no reversible error. We affirm the judgment.





Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: October 11, 1995

Do Not Publish



urces had employed no one during the
period the taxes purportedly accrued.

 Ratcliff earned his bar license in 1962. In 1971, he was accused of theft by check
when he stopped payment on a check used to pay for a truck that proved to be defective. Ratcliff
was indicted by a Polk County jury and convicted by a Montgomery County petit jury, neither
of which had sufficient numbers of African-American members in proportion to the percentage
of African-American citizens among the population of the counties. He was disbarred in 1974.

 Ratcliff sought reinstatement to the Bar after he learned of his disbarment in 1977. 
That year, the Bar rejected his tender of dues because of his conviction and disbarment. His
subsequent requests for reinstatement failed even though the governor pardoned him in 1983.

 He claims the Bar injured him by talking to others about his disbarment. 
Representations attributable to the Bar regarding his legal status were "exhaustively disseminated"
to sources accessible to and affecting his "prospective legal clients, business investors, academic
associates and other economic facilities," representations he alleged were incomplete. He alleged
that elements of the Bar influenced Internal Revenue Service agents to violate his civil rights from
1980 to the present.

Discussion

 Ratcliff raises six points of error against the dismissal. By points one through three
and point five, he asserts that he properly invoked the jurisdiction of the trial court; he contends
that the dismissals were therefore contrary to established law. He contends by point four that
certain requests for admissions were deemed admitted and, by point six, that those admissions
should have caused the court to grant his motion for summary judgment.

 The Bar appellees' successful plea to the jurisdiction was premised upon immunity
from suit. State agencies are immune from suit unless the legislature waives that immunity. 
Liberty Mut. Ins. Co. v. Sharp, 874 S.W.2d 736, 738 (Tex. App.--Austin 1994, writ denied). The
Bar is a state agency. Tex. Gov't Code Ann. § 81.011 (West 1988). Ratcliff has shown no
applicable waiver of immunity that would expose the Bar to his suit. The Bar's executive director
is absolutely immune from suit for any conduct in the course of her official duties. Tex. R.
Disciplinary P. 15.11 (West Supp. 1995). Ratcliff's petition alleges no action taken specifically
by Johnson. He did not allege that she acted outside the scope of her official duties.

 When a suit is barred by governmental immunity, a plea to the jurisdiction is
proper. Liberty, 874 S.W.2d at 739. The same is true for claims against individuals performing
within their official governmental authority. See id. at 738-39. Because governmental immunity
barred the claims below, the court properly sustained the plea to the jurisdiction. We overrule
points one, two, three, and five.

 The court did not err in denying Ratcliff's motion for summary judgment. The trial
court's striking of Ratcliff's pleadings and dismissal of the claims against the TEC defendants left
no claims on which Ratcliff could base a successful summary judgment motion. The court's lack
of jurisdiction disabled it from ruling on the summary judgment against the Bar defendants. We
overrule point six.

 After overruling the other five points, we need not consider point four. Whether
the court erred with respect to deemed admissions is moot because such admissions are
meaningless without supportable jurisdiction or pleadings.



Conclusion


 We hold that the trial court properly dismissed the claims against the TEC
defendants and properly found it lacked jurisdiction over the claims against the Bar defendants. 
Ratcliff raised no reversible error. We affirm the judgment.