COURT OF APPEALS












 
 
 
  
 
 
 




 

 

 

 

 

 

COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

 

 




 
 
  
  
  
  
  
 IN
 THE INTEREST OF C.A.R., a Child,
  
  
  
  
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-01-00469-CV
  
 Appeal from the
  
 143rd Judicial District Court
  
 of Reeves County, Texas
  
 (TC# 01-08-17136-CVR)
 
 




 

 

O P I N I O N

 

This is an appeal from an order of
dismissal.  For the reasons stated, we
affirm.

I.  SUMMARY OF THE EVIDENCE








Petitioner, Eliza Reyes Romo, filed an Original Petition for Child Custody
requesting that she be named sole managing conservator of C.A.R.  Romo is the
biological sister of the minor child. 
After the death of C.A.R.=s mother, Teresa Reyes Romo, on November 25, 1998, C.A.R. lived with his aunt,
Yolanda Reyes Nunez.  Nunez was appointed
legal guardian of C.A.R. on October 15, 1999. 
Nunez filed an answer in which she argued that Romo
did not have standing to bring the suit under Section 102.003 of the Texas
Family Code.  Tex. Fam. Code Ann. ' 102.003 (Vernon 2002).  Nunez also filed a Motion to Deny Relief in
which she re-urged the standing issue.  Romo then filed her First Amended Original Petition
requesting that the trial court name her sole managing conservator of C.A.R.
under Section 102.003(a)(13) of the Texas Family Code.  Tex. Fam. Code Ann. ' 102.003(a)(13).  After a hearing on the Motion to Deny Relief,
the trial court dismissed the suit for Romo=s lack of standing. 

II.  DISCUSSION

In her sole issue on appeal, Romo argues that the trial court erred in finding that she
had no standing to file the custody action and erred in dismissing the
suit.  We begin with a discussion of the
standard of review.

A. 
Standard of Review








The question of who has standing to
bring original suit affecting parent‑child relationship seeking managing conservatorship is threshold issue and the trial court
should make its determination on issue of standing first, before merits of
dispute are determined.  In Interest
of Pringle, 862 S.W.2d 722, 723 (Tex. App.--Tyler 1993, no writ).  Standing is implicit in the concept of
subject matter jurisdiction.  Texas
Ass=n of Business v. Texas Air Control
Board, 852 S.W.2d
440, 443 (Tex. 1993).  Standing presents
a question of law. Brunson v. Woolsey, 63 S.W.3d 583, 587 (Tex. App.‑‑Fort
Worth 2001, no pet.).  The standard of
review of an order of dismissal for lack of standing is the same as that for an
order of dismissal for lack of subject matter jurisdiction.  Texas Ass=n of Business, 852 S.W.2d at 446. We Aconstrue the pleadings in favor of
the plaintiff and look to the pleader=s intent.@ 
Id., (quoting Huston v. Federal Deposit Insurance Corporation,
663 S.W.2d 126, 129 (Tex. App.‑‑Eastland 1983, writ ref=d n.r.e.)).  Consequently, we review the issue de novo.

B. 
Analysis

Romo sought to become sole managing
conservator of C.A.R. under Section 102.003(a)(13) of the Texas Family Code,
which provides: 

(a) An original suit may be filed at any time by:

 

(13) a person who is a relative of the child within
the third degree by consanguinity, as determined by Chapter 573, Government
Code, if the child=s parents are deceased at the time of the filing of
the petition.

 

Tex. Fam. Code Ann. ' 102.003(a)(13).[1]  Romo asks this
Court to construe this statute according to the Texas Government Code=s construction statutes. 








The Code
Construction Act requires a presumption that a statute was enacted in
compliance with both the United States and Texas Constitutions, that the entire
statute is intended to be effective, and that a just and reasonable result is
intended.  Tex. Gov=t Code Ann. ' 311.021 (Vernon 1998).  The Supreme Court has emphasized that our
objective when construing a statute is to determine and give effect to the
Legislature=s intent.  Phillips v. Beaber,
995 S.W.2d 655, 658 (Tex. 1999).  To
ascertain legislative intent, we look first to the statute=s plain language.  Id. 
We must review the terms of the statute in context.  Id. 
Further, in construing a statute, we may consider the object sought to
be attained, the circumstances under which the statute was enacted, the
legislative history, common law or former statutory provisions, and the
consequences of a particular construction. 
Tex. Gov=t Code Ann. ' 311.023.  Finally, we presume that the Legislature
acted with knowledge of the common law and court decisions.  Phillips, 995 S.W.2d at 658. 

The statute=s plain language clearly provides that
a person who is a relative of the child within the third degree by
consanguinity may bring an original suit if the child=s parents are deceased
at the time of the filing of the petition. 
Tex. Fam.
Code Ann. ' 102.003(a)(13) (emphasis added).  Romo established
that she is the half-sister of C.A.R.  Romo also established that their mother, Teresa, was
deceased and argued that C.A.R.=s biological father was unknown and presumed dead.  However, Nunez testified that Teresa told her
that C.A.R.=s biological father was Artemio Martinez. 
She noted that Martinez was never married to Teresa, but that the two
had a relationship around the time Teresa became pregnant with C.A.R.  Teresa was married to Juan Manual Romo, but a blood test determined he was not the father of
C.A.R.  The efforts to locate Martinez
for a paternity test were unsuccessful. 
There was no other evidence introduced as to the whereabouts of
Martinez.  

While Romo meets the statute=s requirement of being a relative of
the child within the third degree by consanguinity, she cannot establish that
both of C.A.R.=s parents are deceased. If the
legislature had intended that it is enough to show that one parent is deceased
and the other is unknown, as is the case here, the statute would reflect such
language.  Instead, the plain language
requires that both parents be deceased at the time the petition is filed.  Tex. Fam. Code Ann. ' 102.003(a)(13).  Accordingly, we agree with the trial court
that Romo did not








have standing to file suit.  Issue No. One is overruled and the order of
the trial court is affirmed. 

December 5, 2002

 

__________________________________________

STEPHEN
F. PRESLAR, Chief Justice (Ret.)

 

 

Before Panel No.
5

McClure, Chew,
JJ., and Preslar, C.J. (Ret.)

Preslar, C.J. (Ret.) sitting by assignment

 

(Do Not Publish)

                                                                                    

 

 

 

 

 

 











[1]  See this Court=s opinion in Doncer
v. Dickerson, 81 S.W.3d 349 (Tex. App.--El Paso 2002, no pet.) for a
comprehensive discussion of the development of the AStanding@
statute.