INTERNATIONAL BANK OF COMMERCE OF LAREDO, Appellant,

v.

CITY OF LAREDO and Union National Bank of Laredo, Appellees.

No. 16623.

Court of Civil Appeals of Texas, San Antonio.

Oct. 15, 1980.

Rehearing Denied Nov. 19, 1980.

---

J. Burleson Smith, Eugene B. Labay, Cox & Smith, San Antonio, J. G. Hornberger, J. G. Hornberger, Jr., Laredo, for appellant.

Eustorgio Perez, City Atty., Lawrence A. Mann, Laredo, for appellees.

## OPINION

MURRAY, Justice.

This suit was instituted by International Bank of Commerce (International) for a declaratory judgment and for injunctive relief against the City of Laredo (City) and Union National Bank of Laredo (Union), alleging that the depository contract executed and entered into between the City and Union on September 5, 1978, is null and void. International also sought injunctive relief against City from entering into any new depository contracts with Union be-

cause same would violate the conflict of interest position of the City's charter and would, therefore, be unlawful and void. The City answered with a general denial and Union answered with a plea to the jurisdiction. A trial court heard the plea to the jurisdiction and dismissed the suit in its entirety for lack of jurisdiction. From this judgment International has timely perfected an appeal to this court. We reverse and remand the case to the trial court with instructions to reinstate the same on its docket.

International alleges that the Laredo Water Works System is an agency and department of the City. International further contends that the president, chairman of the board and part owner of Union is also a trustee of the Laredo Water Works System and thereby an employee of the City. Accordingly, International asserts that Union is disqualified to be a depository of City of Laredo funds.

The City operates under the "home rule" amendment to the Texas Constitution and its original charter contains the following provisions relating to conflict of interest:

Sec. 15. No member of the city council or other city official shall hold any other office or employment under the city, and no alderman, officer, employee or servant of the city shall be directly or indirectly interested in any purchase, sale, business, work or contract, the expense, price or consideration of which is paid from the city treasury, or by an assessment of taxes levied by the city council; nor shall any city official purchase city warrants or claims against the city or any interest therein, nor be surety of any person or persons having a contract of any kind of business with the city for the performance of which security may be required. Any alderman, officer, servant or agent of the city violating this section, shall be removed from office and discharged from service by the city council. No alderman shall vote upon any question in which he has any interest distinct from that of the citizens at large, but in such cases he shall disclose such interest and be excused from voting.

International further alleges that it is qualified to be depository of City funds and that it submitted a bid called for under the charter of the City for the new 1980–82 depository contract with the City on July 14, 1980. Union was the highest bidder; International was the second highest bidder; and the Laredo National Bank was the lowest bidder. Prior to any voting at the council meeting, International asked to be heard and presented to the council an argument that Union was disqualified and International's bid should be accepted. After some discussion, the council voted not to accept any bid at that time and instructed the city attorney to file a suit in declaratory judgment to have the rights of the parties judicially adjudicated. It is undisputed that the City will accept Union's bid in the absence of any legal impediment.

Union contends in its plea to the jurisdiction that International's case should be dismissed for lack of jurisdiction because (1) the question of conflict of interest was decided adversely to International in a prior suit in the 111th District Court of Webb County, Texas, in which all parties herein were parties, and International is bound by said former judgment under principles of res judicata, and (2) International admits by its pleadings that the City decided not to take any action until after the city attorney had obtained a judicial determination as to the conflict of interest and, therefore, no justiciable controversy presently exists.

A plea of res judicata is a plea in bar and not a plea to the jurisdiction. *Texas Highway Department v. Jarrell*, 418 S.W.2d 486 (Tex.1967); *Burson v. Montgomery*, 386 S.W.2d 817 (Tex.Civ.App.— Houston 1965, no writ). Res judicata is an affirmative defense and can only be successfully interposed as a defense to a case on the merits. Tex.R.Civ.P. 94. A prior suit would not deprive the court of jurisdiction to entertain a subsequent suit involving the same issues and the same parties unless pled by the defendant and proof offered on a trial on the merits. *Layton v. Layton*, 538 S.W.2d 642 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.).

A "speaking demurrer" is a special exception which, instead of limiting itself to the allegations of the petition and pointing out defects therein, states factual propositions not appearing in the petition and, in reliance upon such facts, seeks to challenge the plaintiff's right of recovery. Union's pleading in this case falls within the definition. 2 R. McDonald, Texas Civil Practice § 7.22 (rev.1970). Speaking demurrers were not permitted under the former nor are they permitted by present practice. *Friedman v. Cohen*, 404 S.W.2d 372 (Tex.Civ.App. —Houston 1966, no writ); *Harold v. Houston Yacht Club*, 380 S.W.2d 184 (Tex.Civ. App.—Houston 1964, no writ).

Union's contention that there is no justiciable controversy between the parties and, therefore, International has no standing to sue, is without merit. Jurisdiction, at a hearing on a plea to the jurisdiction, is properly determined solely by the allegations in the plaintiff's pleading, and these allegations are taken as true. *Hachar v. County of Webb*, 563 S.W.2d 693 (Tex.Civ. App.—San Antonio 1978, writ ref'd n. r. e.). International has alleged that Union is not a qualified bidder and that the City is considering their bid. The pleadings of International show that it is a taxpayer of the City and that it has a pecuniary interest separate and distinct from that of the general public resulting from the comparative bidding process in which it was the highest qualified bidder for the depository contract and, therefore, is threatened by property damages peculiar to itself. We hold that International has alleged a justiciable controversy and has standing to sue as a taxpayer. *City of Corpus Christi v. Mireur*, 214 S.W. 528 (Tex.Civ.App.—San Antonio 1919, writ ref'd).

The judgment is reversed and the cause is remanded to the trial court with instructions to reinstate the same on its docket.