TEXAS EDUCATION AGENCY, William N. Kirby, Commissioner of Education, Randy Gritzner, Ronnie Thompson, Joe Jacques, and Golda Davis, Petitioners,

v.

CYPRESS–FAIRBANKS I.S.D., Newton I.S.D., Rockwall I.S.D., and Lyford I.S.D., Respondents.

No. D–0592.

Supreme Court of Texas.

May 6, 1992.

Rehearing Overruled July 1, 1992.

Truman Dean, Jr., Houston, Mark W. Robinett, George A. Warner, Jr., Jefferson K. Brim, III, Austin, for petitioners.

John T. Fleming, Ted Mishtal, Austin, for respondents.

## OPINION

GAMMAGE, Justice.

This is an appeal from a district court's dismissal for lack of jurisdiction of a declaratory judgment suit. We must decide whether a district court has jurisdiction, before a final administrative decision is made, to declare the standard of review the Commissioner of Education must apply in rendering his final administrative decision or to preclude the Commissioner from hearing certain claims. The court of appeals reversed the district court's dismissal and held that four school districts were entitled to have the district court direct how the Commissioner must conduct the administrative hearing. 797 S.W.2d 336. We reverse the judgment of the court of appeals and affirm the district court's judgment dismissing the suit.

This cause arises from unrelated employment disputes in four different school districts. The conflicts arose when: the Cypress–Fairbanks ISD terminated a teacher, Joe Jacques; the Newton ISD refused to elevate a teacher, Golda Davis, to career ladder Level III; the Rockwall ISD terminated an administrator, Ronnie Thompson; and, the Lyford ISD considered a challenge by a teacher, Randy Gritzner, to a district policy that prohibited teachers from wearing beads to school. After hearings, the school boards of each district ruled adversely to each employee.

The employees appealed to the Commissioner pursuant to the Texas Education Code.[1] In addition to claiming that the decisions against them were wrong, all four employees asserted that their due process rights under the United States Constitution had been violated, two of them contended that their rights under the Texas Constitution had been breached, and two alleged violations of Title 42 of the United States Code.

Subsequently, Cypress–Fairbanks ISD moved the hearing officer assigned by the Commissioner to limit his review of Jacques appeal to whether there was substantial evidence to support its decision. When its motion was denied, the Cypress–

---

**1.** Section 11.13(a) of the Education Code provides:

Except in cases of student disciplinary actions ... persons having any matter of dispute among them arising under the school laws of Texas or any person aggrieved by the school laws of Texas or by actions or decisions of any board of trustees or board of education may appeal in writing to the commissioner of education, who, after due notice to the parties interested, shall hold a hearing and render a decision without cost to the parties involved, but nothing contained in this section shall deprive any party of any legal remedy.

TEX.EDUC.CODE ANN. § 11.13(a) (Vernon 1991).

Fairbanks ISD filed suit in the district court. Shortly thereafter, the other school districts intervened. Together, the school districts sought declaratory and injunctive relief to prevent the Commissioner from conducting a *de novo* review of the boards' decisions and from considering the employees' constitutional and Title 42 claims. The school districts asserted the Commissioner could determine only whether there was substantial evidence to support the boards' respective decisions. They also argued that the Commissioner's statutory appellate jurisdiction over matters "arising under the school laws of Texas" did not extend to constitutional and Title 42 claims.

The district court dismissed the school districts' suit for want of jurisdiction. The district court based dismissal on grounds of sovereign immunity, failure to exhaust administrative remedies, and the doctrine of primary jurisdiction. The court of appeals reversed and remanded, rejecting, in turn, each of the district court's reasons for dismissal. Neither the district court nor the court of appeals reached the merits of the school districts' claims concerning the proper standard of review or the Commissioner's authority to hear the employee's constitutional and Title 42 claims. We conclude that the school districts' failure to exhaust administrative remedies precludes the district court from granting declaratory relief before the Commissioner issues a final administrative decision.

■ The Education Code must be read in conjunction with the Administrative Procedure and Texas Register Act (APTRA). *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 891 (Tex.1986). APTRA provides for correction of agency error only after exhaustion of administrative remedies. *See* TEX.REV.CIV.STAT.ANN. art. 6252–

13a, § 19(a) (Vernon Supp.1992). As a rule, a party to an administrative proceeding is not entitled to judicial review until the party has pursued correction through the prescribed administrative process. *Texas State Bd. of Examiners in Optometry v. Carp*, 162 Tex. 1, 7, 343 S.W.2d 242, 246–47 (1961). An exception to the rule is that a trial court may intercede before administrative remedies are exhausted where the administrative agency lacks jurisdiction. *Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d 780, 785 (Tex.1978).

■ Here, the court of appeals concluded that because the Commissioner intended to apply a particular standard of review, he overstepped jurisdictional bounds. Section 19(e) of APTRA lists agency errors that may be corrected *after* exhaustion of administrative remedies, however, including decisions in violation of statutory provisions, those made upon unlawful procedure, and those made in excess of statutory authority. *See* TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 19(e) (Vernon Supp.1992).[2] The parties must complete the agency process before seeking a judicial determination of whether the Commissioner's scope of review was procedurally defective, contrary to statutory provisions, or beyond his authority. Consequently, the district court is without jurisdiction to determine whether the Commissioner applied the incorrect standard of review until the school districts have exhausted their administrative remedies.

■ The answer to whether the school districts may sue to prevent the Commissioner from hearing the employees' constitutional and Title 42 claims is not so clear. Although these claims do not "arise[ ] under the school laws of Texas", the Commissioner's jurisdiction extends to appeals by

---

2. APTRA art. 6252–13a, § 19(e) provides in part:

... the court may not substitute its judgment for that of the agency as to the weight of the evidence on questions committed to agency discretion but may affirm the decision of the agency in whole or in part and shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) in violation of constitutional or statutory provisions;

(2) in excess of the statutory authority of the agency;

(3) made upon unlawful procedure;

(4) affected by other error of law;

(5) not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole; or

(6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 19(e) (Vernon Supp.1992).

"any person aggrieved by ... actions or decisions of any board of trustees...." *See* § 11.13(a). The employees certainly fall within the latter category. The Commissioner may therefore consider whether the school districts' actions were invalid because they violated federal law. The Commissioner would not, however, have authority to grant all relief—including damages and injunctive relief—to which the employees would otherwise be entitled if they prevailed on their claims in court. The Commissioner is within his authority to consider the employees' claims at least for some purposes, even if he cannot finally adjudicate them or grant full relief. The employees' claims are not, simply by their nature, outside the Commissioner's jurisdiction, even though it is possible for him to exceed his jurisdiction in acting on them. Because the Commissioner may resolve these matters in the present cases without overstepping jurisdictional bounds, declaratory relief is inappropriate. *Westheimer Indep. Sch. Dist.*, 567 S.W.2d at 785.[3]

For these reasons, we reverse the judgment of the court of appeals and affirm the district court's dismissal of the school districts' suit for declaratory relief.

---

**3.** We note, however, that the employees' Title 42 and constitutional claims are not affected by the doctrine of exhaustion of administrative remedies such that they must be originally considered by the TEA. Because of the nature of such claims, prior resort to the administrative process is not usually required. *See McNeese v. Board of Educ., Community Unit Sch. Dist. 187*, 373 U.S. 668, 670–71, 83 S.Ct. 1433, 1434–35, 10 L.Ed.2d 622 (1963); *see also Damico v. California*, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967) (per curiam).