Barbara WASHINGTON, Appellant,

v.

FORT BEND INDEPENDENT SCHOOL DISTRICT, Fort Bend Independent School District Board of Trustees, and Betty Baitland, Appellees.

No. B14–94–00038–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 15, 1994.

Rehearing Overruled March 2, 1995.

Bennett G. Fisher, Houston, for appellant.

David M. Feldman, Richard A. Morris, Myra S. Chickering, Houston, for appellees.

Before SEARS, DRAUGHN and BARRON, JJ.

## OPINION

BARRON, Justice.

This appeal is from an order of dismissal with prejudice for want of jurisdiction, in an action for wrongful termination, due process violations, libel and slander. Because the dismissal with prejudice was based on a pleading defect that was curable and no special exceptions were filed, we reverse and remand.

### I.

■ In 1985, Barbara Washington began working as assistant principal at Clements High School under a term contract, pursuant to the Term Contract Nonrenewal Act (TCNA). TEX.EDUC.CODE ANN. §§ 21.201—21.211 (Vernon 1987).[1] On February 6, 1991, she was recommended for reemployment for a two year term. In August 1991, Washington was terminated.

Shortly after being recommended for reemployment, Washington chaperoned the drill team on a field trip to Florida. A dispute arose between Washington and the drill team official about some of the team members allegedly shoplifting. A hazing incident allegedly followed, which she, Washington, was unable to quell.

Upon returning to Texas, the school's principal, Betty Baitland, asked Washington to submit a written report about the incident. Baitland found Washington's report unacceptable and in conflict with other versions of the incident. On March 13, Washington was suspended with pay pending submission of a revised report. On March 19, Washington submitted the revised report and was reinstated and reprimanded for her handling of the shoplifting incident. The reprimand included a proviso that Washington enter into a growth plan to improve her supervisory skills. On April 5, Washington gave notice of her intent to appeal the suspension, and requested copies of documents to aid in her defense. On April 12, Baitland told Wash-

---

1. Since this appeal is from a plea to the jurisdiction, all allegations in the plaintiff's pleadings are taken as true. *Green v. Watson,* 860 S.W.2d 238, 240 n. 2 (Tex.App.—Austin 1993, no writ).

ington she had to agree to the growth plan, which Washington would not do because she was not allowed to review the plan. Washington was suspended with pay and the Administration recommended she be dismissed for repeated insubordination. A hearing was held before the Fort Bend Independent School District Board of Trustees (the Board), and the Board adopted the Administration's recommendation to terminate Washington.

Rather than appeal to the Commissioner of Education, in August of 1991 Washington filed suit in District Court contesting her termination. In September of 1991, the District, the Board and the Principal answered. In August of 1993 defendants filed a plea to the jurisdiction or alternative motion for summary judgment. The plea to the jurisdiction was based on Washington's failure to: (1) exhaust administrative remedies prior to filing suit; and (2) appeal to a court of proper jurisdiction (i.e., in Travis County). The alternative motion for summary judgment was based on immunity. The trial court granted the plea to the jurisdiction, dismissed with prejudice, and refused to consider the summary judgment.

## II.

Washington's points of error are that: (1) "Washington need not exhaust her administrative remedies prior to seeking redress from the district court"; (2) the court erred in granting the plea to the jurisdiction without first allowing the plaintiff the opportunity to amend her pleadings; and (3) the court erred in granting the plea to the jurisdiction. Washington's fourth point of error complains of the trial court's failure to file findings of fact and conclusions of law.

## III.

### A. EXHAUSTION OF ADMINISTRATIVE REMEDIES.

#### 1. General Rule and Exceptions.

On appeal from termination of a term (as opposed to a continuing) contract, a complainant is generally required to exhaust administrative remedies where there are disputed fact issues. Tex.Educ.Code Ann.

§ 11.13 (Vernon 1991 & Supp.1994); *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d. 769, 773 (Tex.App.—Houston [14th Dist.] 1991, writ denied). There are six exceptions to the requirement that administrative remedies be exhausted prior to resorting to the courts. *Id.; Texas Educ. Agency v. Cypress–Fairbanks I.S.D.*, 830 S.W.2d 88, 91 n. 3 (Tex.1992). Washington claims that two of those exceptions apply: (1) actions resulting from unauthorized school board conduct; and (2) actions involving federal claims.

#### 2. Procedural Posture.

Appellees' plea to the jurisdiction was based on Washington's failure to: (1) exhaust administrative remedies and (2) appeal to a court of proper jurisdiction. The plea to the jurisdiction or alternative motion for summary judgment contains no attack on the pleadings.

Washington responded to the plea to the jurisdiction or alternative motion for summary judgment (filed September 7) that she was exempt from having to exhaust administrative remedies because she had asserted a federal claim. On September 14, appellees replied that Washington had not pled a federal due process claim. *The next day* the trial judge granted the plea to the jurisdiction and refused to consider the alternative summary judgment.

#### 3. Failure to Specially Except.

■ A plea to the jurisdiction can be the proper vehicle to challenge the premature appeal of an administrative ruling, where there is no allegation of a federal claim or other noted exception to the exhaustion requirement. *Mitchison*, 803 S.W.2d at 774.

In contrast to *Mitchison*, where no federal claim was alleged, construing Washington's pleadings favorably to her, we believe that Washington's Original Petition contains a federal constitutional claim. It is the United States Constitution that uses the term *due process* of law when speaking of a deprivation of one's interest in life, liberty or property. U.S. CONST.AMEND. XIV, § 1. The Texas Constitution, on the other hand, refers to the wrongful deprivation of life, liberty, or

property as a violation of an individual's right to due course of law rather than a violation of an individual's right to *due process* of law. TEX. CONST. art. I, § 19.

Washington asserts claims for wrongful termination, the denial of *due process* under the law, libel and slander. She intertwines the unauthorized conduct and federal claims theories of recovery by claiming that the District and the Board necessarily acted without statutory authority in depriving her of her constitutional right to *due process,* by failing to following published procedures in terminating her employment and in not giving her a meaningful opportunity to defend herself by denying access to documentation. Washington alleges that Baitland, in her capacity as Principal, wilfully and knowingly falsified information to get Washington fired. Insofar as a federal claim is concerned, there are specific allegations in the Original Petition that "Defendant deprived the Plaintiff and continues to deprive the Plaintiff of her right to *due process,*" and Defendant "den[ied] the Plaintiff her rights to *due process* under law . . .".

However, even if appellees were correct and the pleading was insufficient to provide notice of either a federal constitutional or statutory claim, we agree with Washington that the trial court erred in not first allowing her the opportunity to amend her pleading prior to dismissal.

■ A plea to the jurisdiction raises incurable defects in jurisdiction which are shown on the face of the plaintiff's pleadings, taking the allegations contained therein as true. *Bybee v. Fireman's Fund Ins. Co.,* 331 S.W.2d 910, 917 (Tex.1960); *Green,* 860 S.W.2d at 240; *International Bank, etc. v. City of Laredo,* 608 S.W.2d 267, 270 (Tex.Civ. App.—San Antonio 1980, writ dism'd).

■ A plea to the jurisdiction is a dilatory plea to defeat a cause of action without impinging on its merits, but the dismissal does not bar the plaintiff from filing the same cause of action in a forum with jurisdiction. *Cox v. Klug,* 855 S.W.2d 276, 279 (Tex.App.— Amarillo 1993, no writ). Here, the plaintiff's case was dismissed with prejudice.

■ Appellees argue that "neither the district court or appellees had a duty to inform Washington that she could plead a section 1983 claim". If a jurisdictional defect can be cured by amendment it should be challenged by either a plea in abatement or special exceptions. O'Connor, O'Connor's Texas Rules, CIVIL TRIALS 1994, Ch. 3, F § 1.3, p. 420 (1994). Omitting an element of a cause of action does not deprive the court of jurisdiction; it is merely a defect in pleading subject to special exceptions and amendment. *Peek v. Equip. Serv. Co.,* 779 S.W.2d 802, 805 (Tex.1989). Since the jurisdictional defect could have been cured by amendment of the pleading, appellees should have filed special exceptions. Not having done so, any defect in the assertion of a federal claim is waived. *Attorney General of Texas v. Lavan,* 833 S.W.2d 952, 954 (Tex.1992); *Estate of Stonecipher v. Estate of Butts,* 686 S.W.2d 101, 103 (Tex.1985) (per curiam).

a.  Insufficient Opportunity to Amend.

■ We are unpersuaded by appellees' claim that Washington had ample opportunity to amend her pleading after the plea to the jurisdiction was filed. All the plea to the jurisdiction alleged was that Washington had failed to exhaust her administrative remedies and that she had filed her claim in the wrong court: there was nothing to apprise Washington of a pleading deficiency. In the absence of special exceptions, the court will look to the pleader's intent and will supply every fact "that can reasonably be inferred for what is specifically stated". *Roark v. Allen,* 633 S.W.2d 804, 809 (Tex.1982). Here, a "due process" violation is alleged in the petition and the response to the plea to the jurisdiction avers that a federal claim was in fact pled, clearly evidencing the intent to plead a federal claim through the use of the phrase "due process". Finally, appellees' reply noting the alleged insufficiency in the pleading was filed just one day before the court granted the plea to the jurisdiction, leaving just one day between service and dismissal of the claim, hardly ample opportunity for appellant to amend the Original Petition.

b. Waiver.

We are also unpersuaded by appellees' argument that Washington waived the opportunity to replead by not objecting to the motion for summary judgment as an attempt to circumvent special exception practice. This is not merely a summary judgment case, as are the cases appellees cite for their waiver argument: *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex.1990) (per curiam) and *San Jacinto River Authority v. Duke*, 783 S.W.2d 209 (Tex. 1990) (per curiam). Here the motion for summary judgment (based on immunity) was urged in the alternative to the plea to the jurisdiction, and was not even considered by the court given the dismissal was based on jurisdictional grounds. The record reflects that the Court struck that portion of the proposed order granting summary judgment, given the dismissal was based on jurisdiction.

Rather than appellant having waived the opportunity to amend, it was appellees who waived any alleged defect in the Original Petition by failing to specially except. *Lavan*, 833 S.W.2d at 953; *Estate of Butts*, 686 S.W.2d at 103.

## B. COURT OF COMPETENT JURISDICTION.

■ · Appellant also argues the trial court erred in granting the plea to the jurisdiction in that she was not required to file suit in a Travis County district court. We agree. Appellees rely on *Tolar* for the proposition that exclusive jurisdiction over Washington's claim was in a Travis County District Court. *Grounds v. Tolar Independent School District*, 707 S.W.2d 889 (Tex.1986). Rather, *Tolar's* holding is that a ruling from the State Commissioner of Education is not subject to collateral attack in a district court while an administrative appeal is available, but must be appealed to a district court in Travis County. Where the claimant falls within an exception to the exhaustion of administrative remedies requirement the courts can be resorted to in the first instance, and suit need not be filed in a Travis County district court. *Houston Fed. of Tchrs. v. Ind. Sch. Dist.*, 730 S.W.2d 644, 647 (Tex. 1987) (Kilgarlin, J., concurring).

Points of error numbers one through three are sustained.

## C. FINDINGS OF FACT AND CONCLUSIONS OF LAW.

Appellant's final complaint is that the trial court reversibly erred in failing to file findings of fact and conclusions of law. We disagree that it was error not to file findings of fact and conclusions of law for several reasons. First, the suit was dismissed based on the pleadings. *Green*, 860 S.W.2d at 245. Second, no evidence was heard. *Estate of Nelson v. Neal*, 764 S.W.2d 322, 325 n. 3 (Tex.App.—Texarkana 1988), *aff'd*, 787 S.W.2d 343 (Tex.1990). Finally, the record reflects that appellant's "Notice of Past Due Findings of Fact and Conclusions of Law" was untimely in that it was not filed within thirty days after the filing of the original request. Tex.R.Civ.P. 297. Point of error number four is overruled.

## IV.

In the absence of special exceptions, since due process violations were alleged and the assertion of a federal claim is an exemption to the exhaustion requirement, it was error to grant the plea to the jurisdiction and to dismiss with prejudice. This cause is reversed and remanded.

DRAUGHN, Justice, concurring.

I concur in the judgment reversing and remanding this case because, in my opinion, the court erred in dismissing this cause of action *with prejudice* on a plea to the jurisdiction. Appellants' pleading of due process violations cannot be prejudicially denied permanent access to litigation via a ruling on a plea to the jurisdiction under the circumstances involved here. *See Cox v. Klug*, 855 S.W.2d 276, 279 (Tex.App.—Amarillo 1993, no writ).

SEARS, Justice, dissenting.

I respectfully dissent from the majority opinion.

As a general rule, appeals from terminations of term contracts are governed by TEX.EDUC.CODE ANN. § 11.13 (Vernon 1991),

which requires a complainant to exhaust any administrative remedies where there are disputed fact issues. *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d. 769, 773 (Tex. App.—Houston [14th Dist.] 1991, writ denied). This Court in *Mitchison* noted that nothing in the Term Contract Nonrenewal Act prohibits a board of trustees from discharging a teacher for cause during the term of the contract. *Id.* at 773 (citing Tex.Educ. Code Ann. § 21.210 (Vernon 1972) (current version at (Vernon 1987)).

I find nothing in the record which indicates that the Board was acting beyond the scope of its authority in discharging Washington. At the very least, there is a question of fact which must be appealed to administrative authorities before it goes to the courts. *Mitchison*, 803 S.W.2d at 772 (citing *Garcia v. San Juan, Alamo Indep. Sch. Dist.*, 513 S.W.2d 636, 641 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd, n.r.e.)). Also, the Texas Supreme Court has held that the Education Code must be read in conjunction with the Administrative Procedure And Texas Register Act (APTRA). *Texas Education Agency v. Cypress Fairbanks I.S.D. and Lyford I.S.D.*, 830 S.W.2d. 88, 90 (Tex.1992) (citing Tex.Rev.Civ.Stat.Ann. art. 6252–13a, sec. 19(a) (Vernon Supp.1992), *repealed* by Acts 1993, 73rd Leg., ch. 268, sec. 46(1), eff. Sept. 1, 1993). Although APTRA was repealed by the Legislature in 1993, the essence of the holding remains unaffected due to several of the Act's relevant provisions being incorporated into the Government Code. *See* Tex.Gov't Code Ann. §§ 2001.171–2001.202 (Vernon Supp.1994).

The Government Code now clearly requires a person aggrieved by an agency decision to exhaust all administrative remedies before seeking judicial review. Tex.Gov't Code Ann. § 2001.171 (Vernon Supp.1994). Further, § 2001.174 lists agency errors that may be corrected after exhaustion of administrative remedies, including decisions in violation of statutory provisions, those made upon unlawful procedure, and those made in excess of statutory authority. *See Cypress Fairbanks I.S.D.*, 830 S.W.2d. at 90 (citing Tex.Rev.Civ.Stat.Ann. art. 6252–13a, sec. 19(e) (Vernon Supp.1992), *repealed* by Acts

1993, 73rd Leg., ch. 268, sec. 46(1), eff. Sept. 1, 1993). Given the above, it seems equally clear that the legislature not only anticipated the type of complaint at issue here, but also provided explicit guidance on the procedure to be followed.

The majority holds that Washington raised a federal claim which would give the trial court jurisdiction. Her original petition alleged denial of "due process" in addition to her other allegations. However, she did not allege a "federal" due process violation, nor did she allege a Section 1983 violation as required by this court in *Mitchison. See Mitchison,* 803 S.W.2d at 773.

Washington also alleges she had no opportunity to amend her pleadings after Appellee filed its plea to the jurisdiction. I note that time to amend must have been available to Washington because she had time to file a written response to the plea, but for some reason failed to amend the pleadings.

In regard to Justice Draughn's concurring opinion, I agree in principal that the trial court should not have dismissed "with prejudice." However, that issue is not before us. No complaint is made by Appellant, therefore, error if any is not raised.

Given the above, I would affirm the judgment of the trial court.