NO. 07-03-0474-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 11, 2005



______________________________




DAVID A. BROWN, APPELLANT



V.



AMARILLO INDEPENDENT SCHOOL DISTRICT AND


THE COMMISSIONER OF EDUCATION, APPELLEES




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 91,333-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 OPINION

 By this appeal, appellant David A. Brown contends the trial court erred in dismissing
his action against appellees, the Amarillo Independent School District (AISD) and the
Commissioner of Education, for lack of jurisdiction. We affirm.

 Brown was employed by AISD as a coach and educator pursuant to a term contract. 
By letter dated March 28, 2003, AISD notified Brown of the proposed non-renewal of his
contract pursuant to section 21.206 of the Texas Education Code (Vernon 1996). After
presentation of evidence and the superintendent's recommendation, the AISD Board of
Trustees voted not to renew Brown's contract, and by letter of May 19, 2003, he was
notified his employment would be terminated effective at the end of the term stated in his
contract. Instead of relying on chapter 21 of the Education Code, (2) Brown filed a petition
for review under section 7.057 of the Texas Education Code (Vernon Supp. 2004-05), and
title 19, section 157.1041 of the Texas Administrative Code. (3) 

 In response to Brown's petition, AISD filed a motion to dismiss for lack of jurisdiction
noting that Brown proceeded under section 7.057 and had failed to exhaust his
administrative remedies because the Commissioner had not entered a final order under
that section. The Commissioner filed a plea to the jurisdiction alleging similar grounds. A
Senior Administrative Law Judge issued a proposal for decision recommending that the
Commissioner of Education dismiss Brown's case for failing to file a proper petition for
review. A final ruling, however, was not entered by the Commissioner.


Standard of Review


 Subject matter jurisdiction is never presumed. Tex. Ass'n of Business v. Texas Air
Control Bd., 852 S.W.2d 440, 443-44 (Tex.1993). The existence of a court's subject matter
jurisdiction over a case or controversy is a legal question. Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex.1998), cert. denied, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d
1030 (1999). Accordingly, the standard of review is de novo. Id. In examining jurisdiction
vested in Texas courts by a statute, the most important rule is to ascertain and give effect
to the Legislature's intent. See State v. Hodges, 92 S.W.3d 489, 494 (Tex. 2002). The
Legislature's intent is determined by examining the language used in the statute within the
context of the entire statute. See id.

 Because a court deciding a plea to the jurisdiction is not required to look solely to
the pleadings, but may consider evidence and must do so when necessary to resolve the
jurisdictional issue, see Bland Independent School Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000), appellate review is of the pleadings and evidence relevant to the jurisdictional issue. 
See Texas Dep't. of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). Whether
undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is a
question of law. Texas Dep't. of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004). If the evidence creates a fact question regarding the jurisdictional issue, then the
plea to the jurisdiction may not be granted until the fact issue is resolved by the fact finder. 
See id. 

 By his only issue, Brown challenges the propriety of the trial court's dismissal of his
case for lack of jurisdiction. AISD and the Commissioner of Education respond that the
dismissal was proper. We agree with their position.

 Although Brown initiated an administrative proceeding, he was not entitled to judicial
review until he exhausted his administrative remedies. Tex. Educ. Agency v. Cypress-Fairbanks, 830 S.W.2d 88, 90 (Tex. 1992). See also Roberts v. Hartley Indep. School
Dist., 877 S.W.2d 506, 507 (Tex.App.--Amarillo 1994, writ denied).

 By the Term Contract Nonrenewal Act (TCNA), (4) the Legislature created an
administrative procedure by which a school teacher employed under a term contract may
seek judicial review of a district's decision not to renew a contract. See Peaster Indepen.
School Dist. v. Glodfelty, 63 S.W.3d 1, 4 (Tex.App.--Fort Worth 2001, no pet.). Section
21.209 requires that an appeal be taken to the Commissioner of Education and thereafter
to a district court per section 21.307. Brown did not initiate an administrative challenge
under chapter 21, but instead sought relief under section 7.057. Subsection(e)(1) of that
section provides that it does not apply to proceedings under TCNA. Moreover, judicial
review of an administrative decision under section 7.057 is limited to a district court in
Travis County. 

 We conclude Brown did not exhaust his administrative remedies and hold that the
trial court did not err in dismissing his case for lack of jurisdiction. Brown's only issue is
overruled. 

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


 

 



1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Section 21.301 applies to an appeal by a teacher of a board's decision not to renew
an employment contract.
3. Brown asserts in his brief that he mistakenly relied on section 7.057 in his petition
for review and that the Administrative Law Judge denied his request to amend his petition.
4. Tex. Educ. Code Ann. §§ 21.201 - .213 (Vernon 1996 & Supp. 2004-05).


fy>John T. Boyd
 Chief Justice

Do not publish.

** Conversion terminated at this point (TRIAL version of software). For full functionality, click on "Purchase Now" in the installed product. Thank you.