IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 07-0084
════════════
 
Helen O’Neal, 
Petitioner,
 
v.
 
Ector County Independent School 
District, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Eleventh District of 
Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
            
The Legislature has established administrative procedures with short deadlines 
to encourage prompt resolution of teacher contract disputes. But appeals and 
remands may extend those procedures for years, as occurred here. The question 
presented is whether a teacher may file a parallel suit in state court to avoid 
a potential limitations bar. Because the administrative remedies here provide 
the same relief available in collateral litigation, we hold that a second suit 
is neither necessary nor permissible.
            
Helen O’Neal was employed by Ector County Independent School District as a 
teacher under a two-year term contract, and as a volleyball coach under an 
addendum thereto. The District terminated her coaching (but not her teaching) 
contract during the contract’s first year. She filed a grievance nine days 
later, which the school board denied as untimely and the Commissioner of 
Education affirmed. Two years later, the Travis County District Court reversed, 
finding her appeal timely as it was governed by the 15-day deadline in Chapter 
21 of the Texas Education Code. Tex. 
Educ. Code §§ 21.251(a)(2), 21.253. Neither party appealed that ruling, 
and the proceedings were remanded to the Commissioner. Three years later, the 
Commissioner found the District had violated O’Neal’s right to a Chapter 21 
hearing on termination and remanded to the Board for factual findings necessary 
to determine her recovery.
            
Meanwhile, shortly before the fourth anniversary of the administrative 
proceedings O’Neal filed this breach of contract action in Ector County “to 
preserve and protect the four-year statute of limitations for such claims.” The 
Board filed a plea to the jurisdiction asserting failure to exhaust 
administrative remedies, which the trial court granted. The court of appeals 
affirmed, declining to address whether limitations might bar O’Neal’s damage 
claims. 221 S.W.3d 286, 291–92. Because those claims are already part of the 
administrative proceedings, we affirm the court of appeals’ judgment, though for 
different reasons.
            
If an agency has exclusive jurisdiction to resolve a dispute, a party must first 
exhaust administrative remedies before a trial court has subject matter 
jurisdiction. In re Sw. Bell Tel. Co., L.P., 235 S.W.3d 619, 624-25 (Tex. 
2007). O’Neal does not dispute that the Board and Commissioner have exclusive 
jurisdiction of this dispute, and concedes she must exhaust her administrative 
remedies. See Tex. Educ. 
Code §§ 21.251–.260, 21.301–.307 (providing for hearings and appeal to 
Commissioner if term contract is terminated). Until exhaustion occurs, a trial 
court generally must dismiss related litigation without prejudice. Subaru of 
Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 227 (Tex. 2002); 
Texas Educ. Agency v. Cypress-Fairbanks I.S.D., 830 S.W.2d 88, 90 (Tex. 
1992). 
            
O’Neal says her case should be different because no one can award her damages 
under the controlling statute, section 7.057 of the Education Code. See 
Cypress-Fairbanks I.S.D., 830 S.W.2d at 91. We agree that if an agency has 
exclusive jurisdiction of some claims but no jurisdiction of others, a trial 
court may abate its own case until the administrative proceedings are concluded. 
Subaru, 84 S.W.3d at 221; Am. Motorists Ins. Co. v. Fodge, 63 
S.W.3d 801, 805 (Tex. 2001). 
            
But the procedures here are not governed by Chapter 7 but by Chapter 21 of the 
Education Code. Section 7.057 expressly provides that it “does not apply” to 
teacher contract disputes. See Tex. Educ. Code § 7.057(e)(1). O’Neal’s 
claim is governed by Chapter 21 because it is an addendum to her teaching 
contract, was terminated “before the end of the contract period,” and she 
“requested” an appeal. See 
Tex. Educ. Code § 
21.251(a)(2). Under that chapter, available remedies include reinstatement, back 
pay, and employment benefits. See Tex. Educ. Code §§ 21.257(b), 
21.304(e). 
            
Because Chapter 21 expressly grants administrative jurisdiction to award O’Neal 
damages, she did not have to file a separate suit in another court to obtain 
them. Moreover, Chapter 21 provides its own 
deadlines for appeal to the trial court, see Tex. Educ. Code § 21.307(b), so the general limitations period does not apply. 
No matter how long the administrative proceedings take, O’Neal’s damage 
claims will not be time-barred so long as she continues to meet the Chapter 21 
deadlines. 
            
Accordingly, without hearing oral argument, see Tex. R. App. P. 59.1, we affirm the 
trial court and court of appeals’ judgment dismissing O’Neal’s suit for the 
reasons stated above.
 
OPINION 
DELIVERED: March 28, 2008