Opinion issued October 15,
2009

 

 

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00689-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



KM-TIMBERCREEK, LLC, commonly known as KMI YORKTOWN,
LP, AS THE PROPERTY OWNERS AND THE PROPERTY OWNERS, Appellants

 

V.

 

HARRIS COUNTY APPRAISAL DISTRICT, Appellee

 

 



On Appeal from the 334th District Court

Harris County, Texas

Trial Court Cause No. 2007-56250

 

 



O P I N I O N

          KM-Timbercreek, LLC
(“Timbercreek”), appeals from the trial court’s order granting Harris County
Appraisal District’s (“HCAD”) plea to the jurisdiction and denying a Rule 28
motion filed by the initial plaintiff, KMI Yorktown, LP (“Yorktown”), to
substitute the “true name” of Timbercreek for that of Yorktown as plaintiff. 
After pursuing an administrative protest of HCAD’s 2007 valuation of the property,
Yorktown sued to challenge the Appraisal Review Board’s (“the Board”)[1]
Order Determining Protest.  HCAD discovered that Timbercreek, and not Yorktown,
was the record legal owner of the property on January 1, 2007, and thus
Timbercreek was the proper party to pursue a protest.  HCAD subsequently filed
a plea to the jurisdiction, alleging Yorktown lacked standing to seek judicial
review of the Board’s order.  Timbercreek challenges the trial court’s order, contending
that:  (1) both Yorktown and Timbercreek have standing to seek judicial review
of the Board’s order; (2) Section 42.21(e) of the Texas Tax Code allows the
amendment of a timely filed petition to correct or change the name of a party;
and (3) Yorktown is the “common name” of Timbercreek, and thus the “true name”
of Timbercreek may be substituted as the plaintiff pursuant to Texas Rule of
Civil Procedure 28.  We conclude that Yorktown was not the record owner of the
property on January 1, 2007, and Timbercreek did not complete the
administrative protest process before the Board; thus, neither entity had
standing to petition for judicial review of the 2007 valuation.  We further
conclude that no evidence in the record indicates that Yorktown is a “common
name” for Timbercreek; thus, the trial court did not err in refusing to allow substitution
under Rule 28.  We therefore affirm.

Background

The property at issue is located at 0
Highway 6 North in Houston.  Yorktown sold the property to Timbercreek by special
warranty deed on November 1, 2006.  Therefore, on January 1, 2007, Timbercreek
was the record legal owner of the property.  Despite this change in ownership,
HCAD mailed Yorktown a Notice of Appraised Value on April 25, 2007.  Yorktown
subsequently filed a protest with HCAD’s Appraisal Review Board.  On July 27,
2007, the Board issued an Order Determining Protest, mailed to O’Connor &
Associates, Yorktown’s designated agent for the protest process, ordering a
reduction in the appraised value of the property.  Timbercreek never intervened
nor appeared in Yorktown’s protest, and did not file its own protest of the
initial appraised value with the Board.

Pursuant to section 42.21(a) of the
Texas Tax Code, Yorktown timely petitioned the trial court for review of the
Board order on September 13, 2007.  Yorktown’s original petition included
several assertions that it owned the property.  In attached responses to Rule
194 disclosures, Yorktown stated that “KMI Yorktown, LP” was the correct name
of the plaintiff and it knew of no other potential parties to the suit.  In its
proposed trial preparation order, Yorktown included a proposed finding of fact
that it was the owner of the property on January 1 of each of the tax years in
question.  Nine months later, on June 19, 2008, HCAD filed a plea to the
jurisdiction, arguing that since Timbercreek was the record owner of the
property on January 1, 2007, Yorktown lacked standing to seek judicial review
of the Board’s order under the Texas Tax Code.  See Tex. Tax Code Ann. § 42.01 (Vernon
2008),§ 42.21(a) (Vernon Supp. 2009).

In response to HCAD’s plea to the
jurisdiction, Yorktown moved to allow for substitution of the “true name” of
Timbercreek as plaintiff for the “common name” of Yorktown, used by HCAD in its
records and correspondence, pursuant to Texas Rule of Civil Procedure 28. 
According to Yorktown, Timbercreek, acting under its “common name” of Yorktown,
protested the Board’s order and timely filed suit for review of the order, and
thus had standing to pursue judicial review.  The trial court granted HCAD’s
plea to the jurisdiction, denied Yorktown’s Rule 28 motion, and dismissed the
case for want of jurisdiction.

Discussion

Standard
of Review

Standing is a necessary component of
subject-matter jurisdiction and subject-matter jurisdiction is necessary for a
court to decide a particular case.  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 553–54 (Tex. 2000).  If the plaintiff can cure the jurisdictional
defect by amending its pleadings, then the opponent properly raises the
jurisdictional challenge through special exceptions.  See Washington v. Fort
Bend Indep. Sch. Dist., 892 S.W.2d 156, 159 (Tex. App.—Houston [14th Dist.]
1994, writ denied) (“If a jurisdictional defect can be cured by amendment it
should be challenged by either a plea in abatement or special exceptions.”).  If
the trial court grants special exceptions, it should then afford the plaintiff
the opportunity to amend its pleadings.  See County of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex. 2002).  If, however, the jurisdictional defect cannot
be cured by amendment, a party may file a plea to the jurisdiction, and, if the
trial court finds the plea meritorious, it may grant it without allowing the
plaintiff an opportunity to amend.  See Brown, 80 S.W.3d at 555;
Washington, 892 S.W.2d at 159; see also Blue, 34 S.W.3d at 554 (“The
absence of subject-matter jurisdiction may be raised by a plea to the
jurisdiction.”).  A trial court decides a plea to the jurisdiction by reviewing
the pleadings as well as any evidence relevant to the jurisdictional inquiry.  Blue,
34 S.W.3d at 555.  We review a trial court’s ruling on a plea to the
jurisdiction de novo, construing the pleadings liberally in favor of the
plaintiffs while considering the pleader’s intent.  Tex. Dep’t of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 226, 228 (Tex. 2004).

Standing to Seek Judicial Review of
the Board’s Order Determining Protest

            Chapter 41 of the Texas Tax Code
(“the Code”) bestows upon property owners the right to protest the appraised
value of their property to the local appraisal review board.  See Tex. Tax Code Ann. §§ 41.41–.47
(Vernon 2008).  Rights under the Code are premised upon ownership of the
property at issue.  See Koll Bren Fund VI, LP v. HCAD, No.
01-07-00321-CV, 2008 Tex. App. LEXIS 1521, at *8–9 (Tex. App.—Houston [1st
Dist.] Feb. 28, 2008, pet. denied) (mem. op.) (citing Tex. Tax Code Ann. §§ 32.07(a), 41.41(a)(1), 41.412(a)
(Vernon 2008)).  Chapter 42 of the Code provides the right to seek judicial
review of an adverse protest determination by the appraisal review board.  See
Tex. Tax Code Ann.
§§ 42.01–.031 (Vernon 2008) (providing a right of appeal to the property
owner, certain lessees, the chief appraiser, the county, and the taxing unit). 
Aside from the few specific exceptions enumerated in Chapter 42, the property
owner is the only entity with standing to appeal an appraisal review board
order to the district court.  Id.; see also Tourneau Houston, Inc. v.
HCAD, 24 S.W.3d 907, 909 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (“As
a general rule, only an owner may protest before the [Appraisal Review Board]
and sue in court for relief”).

          Section 42.21(a) of the
Code specifies the procedural requirements that a party seeking judicial review
of an appraisal review board order must meet:

A party who appeals as provided by
this chapter must file a petition for review with the district court within
45 days after the party received notice that a final order has been entered
from which an appeal may be had.  Failure to timely file a petition for review
bars any appeal under this chapter.

 

Tex. Tax
Code Ann.
§ 42.21(a) (emphasis added).[2] 
We recently analyzed the standing requirements of section 42.21(a) in Koll
Bren.  See 2008 Tex. App. LEXIS 1521, at *10.  Although section
42.21(a) does not explicitly say who may be a “party,” it does describe a party
as one “who appeals as provided by this chapter,” meaning Chapter 42 of the Tax
Code.  Id.  Section 42.01, “Right of Appeal by Property Owner,”
specifically states that “[a] property owner is entitled to
appeal . . . an order of the appraisal review board
determining . . . a protest by the property owner.” 
Tex. Tax Code Ann.
§ 42.01(1)(A) (emphasis added).  We concluded that the Code requires
property ownership for two distinct rights:  (1) the right to protest an
initial appraisement before the appraisal review board; and (2) the right to
appeal the appraisal review board’s determination to a district court.  See
Koll Bren, 2008 Tex. App. LEXIS 1521, at *10–11.  As a result, for a party
to be entitled to judicial review, the party must be the record legal owner of
the property and must protest the initial valuation to the appraisal review
board.  See id. at *11.

          In Koll Bren, we
further determined that the Code entitles three categories of parties to seek
judicial review:  (1) owners of the property; (2) properly designated agents of
the owner pursuant to section 1.11; and (3) certain lessees meeting the
criteria of section 41.413.  See id.  If a plaintiff seeking judicial
review does not fall into one of these three categories, then they have
“neither a legal right to enforce, nor any real controversy at issue, and,
therefore, no standing under the Code.”  Id. (citations omitted); see
also MHCB (USA) Leas. & Fin. Corp. v. Galveston Cent. Appraisal Dist.,
249 S.W.3d 68, 78 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

A.               
Yorktown’s
Standing to Seek Judicial Review

In its original petition, Yorktown
asserted that it owned the subject property; it made no mention of Timbercreek. 
After HCAD filed its plea to the jurisdiction, Yorktown filed a “Supplemental
Rule 28 Motion and Supplemental Response to Defendant’s Plea to the
Jurisdiction,” acknowledging that the property owner on January 1, 2007, and
the party responsible for paying the assessed taxes, was Timbercreek.  Yorktown
never claimed to be a designated agent or a lessee of Timbercreek.  Since
Yorktown is neither an agent nor a lessee of the property owner and it was not
the actual property owner on January 1, 2007, Yorktown has no legal right to
either protest the valuation or to seek judicial review of the Board’s
determination of the protest.  Yorktown therefore lacks standing to appeal
under section 42.21(a).  See Koll Bren, 2008 Tex. App. LEXIS 1521, at
*12.

B.               
Timbercreek’s
Standing to Seek Judicial Review

Timbercreek, as the record owner of
the subject property on January 1, 2007, had standing to protest the initial
appraised value of the property.  See Tex.
Tax Code Ann. § 41.41(a).  Despite this right and Timbercreek’s
argument on appeal that it “prosecuted the administrative process,” Timbercreek
never filed a protest of valuation with the Board or intervened in Yorktown’s
pending protest.  As a result, the Board never determined a valuation protest
brought by the actual property owner.  No protest proceeding exists on which
Timbercreek, as the property owner, can premise a right of appeal to the
district court.  See Koll Bren, 2008 Tex. App. LEXIS 1521, at *13; see
also BACM 2002 PB2 Westpark Dr LP v. HCAD, No. 14-08-00493-CV, 2009 Tex.
App. LEXIS 5528, at *10–11 (Tex. App.—Houston [14th Dist.] June 21, 2009, no
pet. h.) (mem. op.); Mei Hsu Acquisition Corp. a/k/a Plaza at 610 Commons, Inc.
v. HCAD, No. 01-08-00690-CV, 2009 Tex. App. LEXIS 7727, at *8 (Tex.
App.—Houston [1st Dist.] Oct. 1, 2009, no pet. h.) (mem. op.) (citing Koll
Bren, 2008 Tex. App. LEXIS 1521, at *7).

Section 42.09 of the Code provides
that Code procedures for adjudicating a valuation protest are the exclusive
remedies available to a property owner.  See Tex. Tax Code Ann. § 42.09(a) (Vernon 2008); Gregg
County Appraisal Dist. v. Laidlaw Waste Sys., Inc., 907 S.W.2d 12, 16 (Tex.
App.—Tyler 1995, writ denied).  Failure to comply with the Code requirements,
such as not protesting the initial valuation before the appraisal review board,
deprives the reviewing district court of jurisdiction.  See Koll Bren,
2008 Tex. App. LEXIS 1521, at *13 (citing Cameron Appraisal Dist. v. Rourk,
194 S.W.3d 501, 502 (Tex. 2006)).  Since Timbercreek failed to protest the
initial valuation before the appraisal review board, the Board never determined
a protest by Timbercreek as the property owner.  Thus Timbercreek, like
Yorktown, has “[no] legal right to enforce, nor any real controversy to
determine,” and lacks standing to seek judicial review under section 42.21(a). 
Id. at *14.

Additionally, the Texas Supreme Court
has held that an administrative decision by the appraisal review board is final
if not appealed to the district court within forty-five days after the party
received notice of the board’s order.  See Rourk, 194 S.W.3d at 502; see
also Tex. Tax Code Ann.
§ 42.21(a).  This administrative process is exclusive:  a property owner’s
failure to pursue administrative review of the initial valuation before the
appraisal review board “deprives the courts of jurisdiction to decide most
matters relating to ad valorem taxes.”  Rourk, 194 S.W.3d at 502.  Since
no proper party appealed to the district court within forty-five days, “the
trial court never acquired subject-matter jurisdiction, and the Board’s
valuation became final when those 45 days expired.”  Koll Bren, 2008
Tex. App. LEXIS 1521, at *16; see also Mei Hsu, 2009 Tex. App. LEXIS
7727, at *7.

The Fourteenth Court of Appeals
previously has held that the failure to join a necessary party, such as the
property owner, to a suit for judicial review within the forty-five day window
is “fatal to judicial review under section 42.21.”  Taufiq ex rel. Patrick
O’Connor & Assocs., Inc. v. HCAD, 6 S.W.3d 652, 654 (Tex. App.—Houston
[14th Dist.] 1999, no pet.).  Even if Timbercreek pursued an administrative
protest, making it a proper party to seek judicial review, Yorktown did not move
under Rule 28 to substitute Timbercreek as the “true plaintiff” until July 3,
2008, a date well beyond the forty-five day window.

Use of Section 42.21(e) to Change
Yorktown to Timbercreek

            Like Koll Bren, BACM, and Plaza
before it, Timbercreek contends that the trial court has jurisdiction over the
dispute since section 42.21(e)(1) of the Code allows a party to amend timely
filed petitions for review to correct or change the name of a party.  See
Tex. Tax Code Ann.
§ 42.21(e)(1); Koll Bren, 2008 Tex. App. LEXIS 1521, at *14; BACM,
2009 Tex. App. LEXIS 5528, at *14; Mei Hsu, 2009 Tex. App. LEXIS 7727,
at *5.  Both this court and the Fourteenth Court of Appeals have rejected this
argument.  Section 42.21(e) specifies that only petitions that are “timely
filed under Subsection (a) or amended under Subsection (c)” may later be
amended to change or correct a party’s name.  See Tex. Tax Code Ann. § 42.21(e)
(emphasis added).  To seek judicial review under Subsection (a), the
plaintiff must be a “party who appeals as provided by [Chapter 42],” meaning
the plaintiff must be the property owner, a properly designated agent, or a
lessee.  Koll Bren, BACM, Plaza and Yorktown all timely filed petitions for
review within the forty-five day window.  But none of these parties owned the
relevant property on January 1 of the tax year at issue, and thus all lacked
standing to seek judicial review.  See Koll Bren, 2008 Tex. App. LEXIS
1521, at *12; BACM, 2009 Tex. App. LEXIS 5528, at *10; Mei Hsu,
2009 Tex. App. LEXIS 7727, at *8.  Since no proper party appealed the appraisal
review board’s determination within forty-five days, the trial court never
acquired subject-matter jurisdiction and the Board’s order became final after
the expiration of forty-five days.  See Koll Bren, 2008 Tex. App. LEXIS
1521, at *16 (citing Rourk, 194 S.W.3d at 502); see also Mei Hsu,
2009 Tex. App. LEXIS 7727, at *7 (“Here, like Koll Bren Fund, Plaza was
not a proper party to bring the suit below and, no proper party having appealed
to the district court within 45 days, the trial court properly dismissed the
suit for review for want of jurisdiction.”).[3]

          Timbercreek also argues
that since suit was brought in the name of “KMI Yorktown, LP as the property
owner and the property owners,” the suit encompasses Timbercreek, the record
legal owner of the property, as a plaintiff.  The Fourteenth Court of Appeals
addressed the effect of styling the case in this manner in BACM.  Bringing
suit in this manner still presupposes that the actual property owners are
proper parties to file suit.  See BACM, 2009 Tex. App. LEXIS 5528, at
*16.  Timbercreek, however, failed to exhaust administrative remedies by
protesting the valuation of the property before the appraisal review board and
thus, it failed to satisfy the jurisdictional prerequisites to seek judicial
review.  See id.

Substitution Pursuant to Rule 28

          Timbercreek contends that
the trial court had jurisdiction to decide the case since Texas Rule of Civil
Procedure 28 allows a plaintiff to sue in its assumed or “common” name, and its
“true name” may be substituted later in the proceeding.  According to Timbercreek,
since HCAD’s records and correspondence refer to the owner of the property as
“KMI Yorktown, LP” and not “KM-Timbercreek, LLC,” Yorktown is the “common name”
of Timbercreek.  Rule 28 provides:

Any partnership, unincorporated association, private
corporation, or individual doing business under an assumed name may sue or be
sued in its partnership, assumed or common name for the purpose of enforcing
for or against it a substantive right, but on motion by any party or on the
court’s own motion the true name may be substituted.

 

Tex. R. Civ.
P. 28.

          For a party to take
advantage of Rule 28 and sue in its common name, “there must be a showing that
the named entity is in fact doing business under that common name.”  Seidler
v. Morgan, 277 S.W.3d 549, 553 (Tex. App.—Texarkana 2009, pet. denied)
(emphasis added).  For example, although others may commonly and informally use
the name of the premises location to refer to a particular entity, this does
not mean that the entity is “doing business under” the premises name as an
assumed or common name.  Id.  Whether an entity does business under an
assumed or common name is a question of fact for the trial court.  Sixth RMA
Partners, L.P. a/k/a/ RMA Partners, L.P. v. Sibley, 111 S.W.3d 46, 52 (Tex.
2003).  The trial court made no explicit finding on whether Yorktown is Timbercreek’s
common name, and neither party requested findings of fact on this or any other
issue. When neither party requests findings of fact and conclusions of law, we
imply all fact findings necessary to support the trial court’s judgment.  Id. 
A party can challenge implied fact findings for legal sufficiency.  We construe
Timbercreek’s contention that the trial court erred in denying a Rule 28
substitution as a legal sufficiency challenge.  See id. (“Although
Sibley does not expressly present this contention as a legal sufficiency
challenge to the implied finding of fact . . . we will
construe it as such.”).  In reviewing this point, we consider the evidence in
the light most favorable to the challenged finding and indulge every reasonable
inference that would support it.  See City of Keller v. Wilson, 168
S.W.3d 802, 822 (Tex. 2005).  We must credit favorable evidence if a reasonable
fact-finder could do so and we must disregard contrary evidence unless a
reasonable fact-finder could not.  Id. at 827.

Timbercreek offered no evidence that
it was doing business under the Yorktown name.  Timbercreek contends that the
references to Yorktown as the property owner in HCAD’s records indicate that
Yorktown is Timbercreek’s common name.  This argument ignores the specific
language used in Rule 28, which frames the appropriate inquiry as not whether
HCAD refers to or addresses an entity by a particular name, but whether that
entity actually does business under the common name.  Although HCAD’s appraisal
records, account information, property tax statements, notice of appraised
value, and order determining protest might be some evidence that HCAD refers to
Timbercreek as Yorktown, without more, it is not evidence that Timbercreek
conducts its business under the common name of Yorktown.  See also BACM,
2009 Tex. App. LEXIS 5528, at *19–20 (reaching the same conclusion when HCAD’s
designation of BACM as the property owner instead of Parkwest Place in its
records was the sole evidence of common name).  In contrast, the Texas Supreme
Court found sufficient evidence of operation under an assumed name in Sixth
RMA Partners.  The appellants in that case produced evidence that:

Sixth RMA did not have its own stationery and that
‘RMA Partners, L.P.’ letterhead was used for all the various RMA partnerships. 
Demand notices to note holders and referrals to collection attorneys were made
on the same generic ‘RMA Partners, L.P.’ letterhead, which set forth the
Columbus, Georgia business address.  Further, payments on notes owned by Sixth
RMA were made to ‘RMA Partners, L.P.’ and an accounting was performed to
distribute funds to Sixth RMA.

 

111 S.W.3d at 52.  The Supreme Court
considered this showing as some evidence that Sixth RMA Partners conducted
business under the name RMA Partners, LP.  Id.

Neither Timbercreek nor Yorktown presented
comparable evidence.  See id.; see also Mei Hsu, 2009 Tex. App.
LEXIS 7727, at *11–12 (holding that Plaza was not the common name of Mei Hsu when
the record reflected only that Plaza sold the property to Mei Hsu three years
prior to the valuation protest).  Here, HCAD’s continued designation of
Yorktown as the property owner instead of Timbercreek was entirely unilateral. 
There is no evidence in the record that Timbercreek held itself out as Yorktown
or requested that HCAD refer to it as Yorktown in the appraisal records.  In a
similar case involving Chapter 42 of the Tax Code, we held that HCAD’s
designation of one entity as an agent for another entity was inadequate to
actually create the agency relationship needed for standing to protest an
appraisal.  See Tourneau Houston, Inc., 24 S.W.3d at 909 (“HCAD cannot
designate an agent for Tourneau, Inc.  Only the owner, Tourneau, Inc. can do
that.”).  Similarly, HCAD, by its actions alone, cannot decide that Timbercreek
does business under the common name of Yorktown; only Timbercreek can establish
whether it will operate its business under an assumed or common name.

We hold that there is no evidence to
support Timbercreek’s contention that Yorktown is its “common name.”  Thus, legally
sufficient evidence supports the trial court’s implied finding that Timbercreek
does not conduct business under the common name of Yorktown.  We hold that the
trial court did not err in denying Yorktown’s Rule 28 motion.

          Since we hold that Yorktown
is not the common name of Timbercreek and that the two are separate legal
entities, neither Yorktown nor Timbercreek had standing to seek judicial review
of the Board’s order determining protest.  Yorktown, the entity that completed
the administrative protest process before the Board, did not own the property
on January 1, 2007.  Timbercreek, the record legal owner on January 1, never
completed the protest process.  Since neither entity completed both
requirements, we hold that neither entity had standing to seek judicial review.




Conclusion

Yorktown was not the record owner of
the property on January 1, 2007, and Timbercreek did not complete the
administrative protest before HCAD’s appraisal review board.  Accordingly, we
hold that neither entity had standing to seek judicial review of the Board’s
order determining protest.  We further hold that legally sufficient evidence
exists to support the trial court’s implied finding that Timbercreek did not do
business under the “common name” of Yorktown, and thus the trial court
correctly rejected Yorktown’s Rule 28 motion to substitute Timbercreek as the
plaintiff.  We therefore affirm the judgment of the trial court.

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Massengale.

Publish.  Tex. R. App. P. 47.4.









[1]
Yorktown’s original petition and notice of
appeal list both the Harris County Appraisal District and the Appraisal Review
Board of HCAD as defendants.  However, the record does not indicate that the Board
appeared in the trial court.  HCAD represents that the Board was neither
served, nor did it appear.  An appraisal review board is not a necessary party
to a petition for judicial review of the board’s order.  Tex. Tax Code Ann. § 42.21(b)
(Vernon Supp. 2009).  Since the Board is not a necessary party, and the record
does not affirmatively demonstrate that the Board was served or that it
appeared, we hold that HCAD is the only appellee properly before this court. 
We also hold that the judgment of dismissal is final despite not disposing of
appellant’s claims against the Board.  See In re Sheppard, 193 S.W.3d
181, 187 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (holding that judgment
expressly disposing of served defendants, but not unserved defendants, is final
for purposes of appeal) (citing Youngstown Sheet & Tube Co. v. Penn,
363 S.W.2d 230, 232 (Tex. 1962)).





[2] We note that while this appeal was pending, the Texas
Legislature amended section 42.21(a) to extend the time to file a petition for
review from forty-five days to sixty days from the board’s order, effective
June 19, 2009.  See Tex. H.B. 986, 81st Leg., R.S. (2009) (enrolled
version).  Although we decide this case under the law in effect at the time of
Yorktown’s appeal to the district court in September 2007, we also note that
Timbercreek, the true property owner, did not attempt to join as plaintiff
until June 2008, well after both the old forty-five-day and the new sixty-day
window.





[3]
Timbercreek also cites to Texas Rule of Civil
Procedure 37 for the proposition that parties may be substituted or added as
necessary.  Rule 37 provides that “[b]efore a case is called for trial,
additional parties, necessary or proper parties to the suit, may be brought
in . . . upon such terms as the court may prescribe.”  Tex. R. Civ. P. 37.  This rule cannot
be used to circumvent the requirement that plaintiffs have standing, and thus
are proper parties, to bring suit.  See Koll Bren Fund VI, LP v. HCAD,
No. 01-07-00321-CV, 2008 Tex. App. LEXIS 1521, at *10–11 (Tex. App.—Houston
[1st Dist.] Feb. 28, 2008, pet. denied) (mem. op.).  As mentioned
above, since Timbercreek failed to exhaust its administrative remedies, it
lacked standing and was not a proper party to file suit.  Timbercreek cannot
successfully rely upon Rule 37 to permit substitution.